**TEXAS FIDELITY & BONDING CO. v. CAGLE et al.**

(Court of Civil Appeals of Texas. March 1, 1911. Rehearing Denied March 22, 1911.)

SEQUESTRATION (§ 20*)—BOND—LIABILITY—TENDER OF PROPERTY TO OFFICER.

Rev. St. 1895, art. 4877, relating to the subject of sequestration, provides that the defendant may deliver to the sheriff or constable of the court in which judgment is rendered the property which he has bound himself to have forthcoming, and the sheriff or constable to whom tender is made shall receive the property, if uninjured, and shall deliver it to plaintiff, and the defendant, upon filing the receipt of the officer, shall be credited with the value of the property returned. Article 4878 provides that, if the property so tendered by defendant has been damaged while in his possession under such bond, the sheriff or constable shall not receive it unless the defendant at the same time tenders the reasonable amount of such damage, to be judged by the officer. Article 4873 provides that the defendant may retain possession by delivering to the officer executing the writ his bond for an amount of money not less than double the value of the property to be replevied. Article 4876 provides that the bond shall be returned with the writ to the court from which it issued, and, if the suit is decided against the defendant, final judgment shall be entered against all the obligors for the value of the property replevied and costs. Article 4900 makes the sheriff the attendant executive officer of all district, county, and commissioners' courts held in his county. Article 4919 imposes the same duties upon a constable as to all justice courts held in his precinct. *Held*, that delivery or tender of the property must be made to the sheriff of the county or constable of the precinct in which the judgment is rendered and not to the one from whom it was replevied, in order to avoid liability upon a replevy bond.

[Ed. Note.—For other cases, see Sequestration, Dec. Dig. § 20.*]

Appeal from District Court, Bell County; John D. Robinson, Judge.

Action by the Texas Fidelity & Bonding Company against W. J. Cagle and others. From a judgment refusing to grant an injunction, plaintiff appeals. Affirmed.

Thos. C. Hall, for appellant.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

KEY, C. J. This is an appeal from an order and judgment refusing to grant an injunction.

In brief, the material facts are as follows: In a suit then pending in the district court of Bell county to foreclose a mortgage upon certain personal property a writ of sequestration was issued for the purpose of impounding the property which was then in Menard county. That writ was executed by the sheriff of Menard county, and thereafter one of the defendants executed and delivered to that officer a replevin bond, with the Texas Fidelity & Bonding Company as surety, and the property seized was returned by the sheriff to that defendant. Thereafter, in the suit referred to, judgment was rendered by the district court of Bell county against the defendant in that suit, and against the Texas Fidelity & Bonding Company as surety for $3,710, the value of the property seized under the writ of sequestration and replevied by the defendant. In the meantime a portion of the property referred to had been again seized and levied upon by the sheriff of Menard county under a writ of attachment issued out of the county court of Wichita county. Within 10 days after the rendition of the judgment referred to by the district court of Bell county, the defendant who had replevied the property tendered and offered to deliver to the sheriff of Menard county all of said property except that which had been seized by the sheriff under the writ from Wichita county, and offered to pay to that sheriff the amount of damage which he estimated the property had sustained. The sheriff of Menard county, acting under instructions given by the attorney for the plaintiffs in the Bell county suit, refused to receive the property and the money tendered as damages. Thereafter an execution was issued upon the judgment rendered by the district court of Bell county, and the Texas Fidelity & Bonding Company presented to the judge of that court a petition for an injunction to restrain and prevent the enforcement of that judgment against it, and the refusal to grant that relief is the question presented to this court for decision.

· Counsel for appellant contends that the tender of the replevied property to the sheriff of Menard county and the offer to pay the amount of damages assessed by that officer released appellant from all liability upon the judgment rendered by the district court of Bell county. Counsel for appellees controverts that contention, and maintains that the tender referred to is unavailing, because it was not made to the proper officer. These diverse contentions render it necessary for this court to construe article 4877 of the Revised Statutes 1895, which is a portion of title 100, relating to the subject of sequestration. The article referred to reads as follows: "Art. 4877. The defendant shall have the right, at any time within ten days after the rendition of the judgment provided for in the preceding article, to deliver to the sheriff or constable of the court in which such judgment is rendered, the property, or any portion thereof, which he has bound himself to have forthcoming to abide the decision of the court, and the sheriff or constable to whom such possession is tendered shall receive such property, if the same has not been injured or damaged since the replevy, and receipt to the defendant therefor, and shall immediately deliver such property to the plaintiff, and the defendant in such judgment shall upon filing with the papers in the case the receipt of the sheriff or constable be credited by the clerk or justice of the peace upon such judgment with the value of the property so returned." It is contended on behalf of appellant that the article referred to should be construed in connection with the next succeeding article, which reads as follows: "Art. 4878. If the property tendered back by the defendant has been injured or damaged while in his possession under such bond, the sheriff or constable to whom the same is tendered shall not receive the same unless the defendant at the same time tenders the reasonable amount of such injury or damage, to be judged by such sheriff or constable." And, of course, it is proper to consider all the other provisions of the statute which may aid in arriving at a proper construction of article 4877, and for that reason it is deemed proper to set out article 4873, which reads as follows: "Art. 4873. When property has been sequestered, the defendant shall have the right to retain possession of the same by delivering to the officer executing the writ his bond, payable to the plaintiff, with two or more good and sufficient sureties, to be approved by such officer, for an amount of money not less than double the value of the property to be replevied." And also the following: "Art. 4876. The bond provided for in the three preceding articles shall be returned with the writ to the court from whence the writ issued, and in case the suit is decided against the defendant, final judgment shall be entered against all the obligors in such bond, jointly and severally, for the value of the property replevied, and the value of the fruits, hire, revenue or rent thereof, as the case may be."

Looking to the entire statute covering the subject of sequestration, and especially the provisions thereof copied above, to what officers did the Legislature refer when they used the language in article 4877, "The sheriff or constable of the court in which such judgment is rendered"? On the one hand, it is contended that the Legislature meant the officer who had executed the writ and taken the bond; while, on the other, the contention is that the language used was intended to designate the sheriff of the county or the constable of the precinct in which the judgment was rendered. While the question presented is not free from difficulty, and while either construction may result in imposing hard-

ships in some instances upon some party or some officer, we have reached the conclusion that appellee's contention is correct. In enacting article 4877 the Legislature must have known that a preceding article authorized the issuance of writs of sequestration to any county in which the property was situated, and therefore that in some instances such writs would be executed by a sheriff or constable of a different county from that in which the suit was pending and the judgment would be rendered. Having such knowledge in mind, if it had been the legislative purpose to authorize a return of the property to the officer who had executed the writ of sequestration in all cases the appropriate language for expressing that purpose would have been similar to that used in article 4873, "the officer executing the writ." The language quoted from article 4873 shows that the Legislature understood how to designate the officer referred to, so as to leave no room for doubt; and the very fact that they did not use the same language in article 4877, and used language susceptible of a different construction, is a strong indication that it was not intended to designate in all instances the officer who had executed the writ. Of course, in most instances, such writs are issued to and served by the local sheriff or constable; and for that reason such officer is the one who has executed the writ. But it does not follow, from that, that the Legislature intended that in all instances the property should be returned to the officer who executed the writ.

There is more force in the argument based upon the fact that article 4878 requires the sheriff or constable to whom the property is tendered to ascertain whether or not it has been injured or damaged, and not to accept it unless the reasonable amount of damage is also tendered. The argument is that an officer who did not serve the writ and had not seen the property until it was tendered after the rendition of judgment would not be in a position to know whether or not, and to what extent, it had been damaged. While we concede force in that reasoning, we do not regard it as conclusive. The statute authorizing a return of replevied property was enacted for the benefit of the party who had replevied it and the sureties on his bond; and it would seem reasonable to hold that it was the intention of the Legislature that, in order to be released from liability upon the replevy bond, the parties seeking such relief should satisfy the officer designated to receive the property that it had not been injured, or, if it had, furnish such officer the means of ascertaining the extent of such injury. Furthermore, the record itself would furnish that officer with some data, because, in order to obtain the writ of sequestration, the plaintiff is required to swear to the value of the property, the officer who executes the writ is required to state its value, and the law contemplates that its value shall be fixed by the judgment of the court, as was done

in the present case. That source of information as to the value of the property is easily accessible to the local sheriff or constable, and, when the property is tendered to him within 10 days after rendition of the judgment fixing its value, and he considers it worth the amount so fixed, it will not be necessary to make any further investigation. If he is of a different opinion, it does not seem unreasonable to hold that he would have the right to require the party tendering the property to produce testimony satisfying him that it had not been injured since the judgment was rendered.

Turning now to the language of the statute which requires the property to be delivered to "the sheriff or constable of the court in which such judgment is rendered," does it not seem that the words "of the court in which such judgment is rendered" were intended to point out and designate the local officer known in general parlance as the sheriff or constable of the court rendering the judgment? While it is the duty of a sheriff to execute all process properly directed to him, yet it is a matter of common knowledge that as a general rule much more than half of the process executed by such officer emanates from a court in the county of which he is sheriff; and the statute (article 4900) makes him the attendant executive officer of all district, county, and commissioners' courts held in his county; and article 4919 imposes the same duties upon a constable as to all justice courts held in his precinct. Hence it would seem from the very terms of the law, as well as the greater portion of the duties performed, that the sheriff of a county and the constable of a precinct may very properly be designated, the one as the sheriff of the district, county, and commissioners' courts held in his county, and the other as the constable of the justices' courts held in his precinct. It may be conceded that a sheriff or constable while executing process sent to him from another county is in a general and larger sense an officer of the court whose process he receives and executes. But in common parlance he would not be considered an officer of that court; at any rate, not after he had executed the process, taken the replevy bond, and returned both to the court from which such process issued.

So, upon the whole case and after due consideration, our conclusion is that article 4877 must be construed as requiring the delivery or tender of the property to the sheriff of the county or constable of the precinct in which the judgment is rendered, in order to avoid liability upon a replevy bond. That course was not pursued in this case, and for that reason we concur with the trial court in holding that appellant has not been released from the judgment against it, and the order and judgment refusing relief by injunction is affirmed.

Affirmed.