HAWKINS v. FIRST NAT. BANK OF CANYON, TEXAS.   (No. 737.)†

(Court of Civil Appeals of Texas.  Amarillo. March 6, 1915.  Rehearing Denied April 3, 1915.)

1. SEQUESTRATION ⚖══12—AFFIDAVIT—SUFFICIENCY.

While the affidavit for sequestration should state the amount still unsatisfied, and the date when due, yet, as attorney's fees are contingent in their nature and are dependent upon the court for their final ascertainment, a judgment in sequestration proceedings is not bad because the affidavit did not state the amount of attorney's fees claimed.

[Ed. Note.—For other cases, see Sequestration, Cent. Dig. §§ 11–16; Dec. Dig. ⚖══12.]

2. PRINCIPAL AND AGENT ⚖══119—AUTHORITY—PRESUMPTION.

On motion to quash a sequestration, the court will presume the authority of plaintiff's agent who signed the bond; an attack on his authority being required to be by plea.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 391–401; Dec. Dig. ⚖══119.]

3. EVIDENCE ⚖══83 — PRESUMPTIONS — OFFICIAL ACTS.

There is a presumption that the sheriff who served a writ of sequestration did his duty and took the property mentioned in the writ.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 105; Dec. Dig. ⚖══83.]

4. SEQUESTRATION ⚖══17 — WRIT — SERVICE — "AROUND."

A chattel mortgage on sheep described them as all branded "O around the hip bone." The sheriff's return on the writ of sequestration recited a levy upon certain sheep branded "O" with a paint brand on either hip or side. Held that, as defendant did not claim the wrong sheep had been levied upon, the writ could not be quashed on the ground that there was a variance between the mortgage and the return, for the term "around" might be construed to mean "in the vicinity of the hip bone," instead of encircling it.

[Ed. Note.—For other cases, see Sequestration, Cent. Dig. §§ 35–37; Dec. Dig. ⚖══17.

For other definitions, see Words and Phrases, Second Series, Around.]

5. SEQUESTRATION ⚖══20—SURETIES—LIABILITY.

A surety on a replevin bond given in sequestration proceedings must leave the conduct of the case to his principal, and is liable only for the forthcoming of the property replevined.

[Ed. Note.—For other cases, see Sequestration, Cent. Dig. §§ 42–49; Dec. Dig. ⚖══20.]

6. APPEAL AND ERROR ⚖══880 — ERROR AFFECTING COPARTY—SURETY.

A judgment in sequestration will not be reversed as against the principal for error against the surety on his replevin bond who did not appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3584–3590; Dec. Dig. ⚖══880.]

7. BANKS AND BANKING ⚖══116—NOTICE TO BANK—KNOWLEDGE OF PRESIDENT.

Knowledge of the president of a bank that a note given by defendant was a mere accom-

---

⚖══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
† Writ of error pending in Supreme Court.

modation note for the president's own debt due the bank is not imputable to the bank so as to operate as a defense, for the president in such case was acting adversely toward the institution.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 282–287; Dec. Dig. ☞116.]

Error from District Court, Randall County; Jas. N. Browning, Judge.

Action by the First National Bank of Canyon, Texas, against H. H. Hawkins. There was a judgment for plaintiff, and defendant brings error. Affirmed.

Carl Gilliland, of Hereford, for plaintiff in error. Turner & Rollins, of Amarillo, and Rector L. Lester, of Canyon, for defendant in error.

HUFF, C. J. The defendant in error, the First National Bank of Canyon, instituted this suit against plaintiff in error, H. H. Hawkins, on a note for $2,070.40, with 10 per cent. interest from date and 10 per cent. attorney's fees. The note is alleged to have been dated August 9, 1913, and due 45 days from date. Interest is alleged to have been paid up to November 9, 1913. The suit is also to foreclose a chattel mortgage on 1,000 head of grown sheep and 700 head of spring lambs, all branded O around the hip bone and in various marks, located about 16 miles west from Hereford on a place known as the Bob Mount place. Defendant in error sued out a writ of sequestration, making affidavit and bond, and caused a writ of sequestration to be issued thereon, which was placed in the hands of the sheriff of Deaf Smith county, who executed the same on the 22d day of November, 1913, by sequestrating as the property of H. H. Hawkins:

"520 ewe sheep, branded O, paint brand on either hip or side, each valued at $2.00 per head, or a total of $1,040.00; also 364 ewe sheep branded O paint brand, on either right hip or side, each valued by me at $2.00 per head, or a total of $728.00; also 276 lambs branded O on either right hip or side, paint brand, valued by me at $2.00 per head, or a total of $552.00; also 46 lambs, branded O on either right hip or side, paint brand, valued by me at $2.00 per head or a total of $92.00; also 25 buck sheep, 23 of which are branded W O on right side, paint brand, and three of which branded on back near hip paint brand, valued at $10.00 per head or a total of $250.00. The total value of all property levied on is $2,-662.00."

The plaintiff in error answered by exceptions and by certain other pleas not necessary at this time to set out. He also moved to quash the sequestration proceedings. There is no statement of facts in the record, and the case is here alone upon the pleadings, exceptions, sequestration proceedings, judgments of the court, and assignments of error.

[1] The first assignment of error is presented as a fundamental error, on the ground, as we gather, that the judgment is for the principal, interest, and attorney's fees fore-

closing the mortgage lien on the sheep seized under the writ of sequestration, and that the affidavit for the writ only gave the principal and interest of the note sued on and does not set up the attorney's fees. If the above assignment presents error, we do not think it is such fundamental error as can be reached by assignments presented for the first time in this court. The affidavit for sequestration is required to state the amount still unsatisfied and the date when due. Attorney's fees are contingent in their nature and depend upon the judgment of the court for their final ascertainment, and it appears for that reason the affidavit need not set out attorney's fees. Aultman v. Smyth, 43 S. W. 932; Bank v. Robinson, 104 Tex. 166, 135 S. W. 372. It has been held in this state that the affidavit in sequestration and in an attachment, if it states an amount less than the amount claimed in the petition, furnishes no grounds to quash the proceedings. Aultman v. Smyth, supra; Evans v. Lawson, 64 Tex. page 201. We therefore think the judgment could be rendered for the attorney's fees sued for and set out in the petition, even though the affidavit only set out the debt actually due at the time of making it. Certainly there was no fundamental error in the judgment.

[2] By his second assignment of error, plaintiff in error alleges error in the action of the court in refusing to sustain his motion to quash the sequestration proceedings. The fifth proposition thereunder is that the bond for sequestration is defective, in that it does not purport to have been signed by the principal or by any person having authority to execute it for the bank. The bond is signed, "The First National Bank of Canyon, by L. T. Lester, Pt." It has long been the rule in this state, where the bond purports to be the act of the plaintiff by an agent, his authority will be presumed on the motion to quash. If it is intended to question the agent's authority, it must be done by a plea to that effect. The agent's authority is a matter of evidence aliunde and forms no part of the bond, and upon a motion to quash the court will presume the authority of the agent. Messner v. Hutchins, 17 Tex. page 602; Wright v. Smith, 19 Tex. 297; Bank v. Cupp, 59 Tex. 270.

[3, 4] The plaintiff in error further sought to quash the return of the sheriff on the writ of sequestration because the brands on the sheep are described as being on the animals at a different place to that called for in the mortgage as set out by the petition, affidavit, and writ, and there is such variance that the return should be quashed. As the propositions are presented, we are left to surmise the position of the respective parties and the grounds upon which the court acted in overruling the motion. The brand set out in the petition is described as being O around

the hip bone; the return of the officer shows the brand to be O on either side or hip. Plaintiff in error contends the brand described in the petition, etc., is a circle around the hip bone. It is suggested by defendant in error that the instruments do not necessarily mean that such brand encircled the hip bone and that the meaning of "around" is "near," or "in the neighborhood of." As copied in the record, the brand is not designated as a circle, but it appears to be the letter O. In the condition of the record we are not able to say that the brand means the encircling of the hip bone. It is as consistent to interpret its meaning that the brand was near to the hip bone on the animal. If such is the meaning, the brands set out are not necessarily at variance with the writ, affidavit, and petition. The writ of sequestration is required by statute, and in this case it does so, to command the officer to take into his possession the property "describing the same as it is described in the affidavit." The statute does not prescribe the form for the return. The presumption is that the officer did his duty and seized the property mentioned in the writ, unless it shall affirmatively appear therefrom that he did not do so. The description in the return and the writ in this case are not such that we are able to say the sheriff did not levy on the animals mortgaged, or described in the affidavit.

"The discrepancies between the description of the sheep in the return of the sheriff and those described in the petition and writ are not so radical as to place the court in a position, on a motion to quash without proof, to say that they were different animals." Halbert v. San Saba, etc., 34 S. W. 636.

In so far as the record shows in this case, plaintiff in error admitted that the sheriff levied on the proper animals. He does not assail the levy as being on animals not mortgaged or ordered seized. It has been held in this state, where there is a question whether the brand set out in the writ and affidavit and the one on the animal in controversy is in fact the same brand named in the writ, that the question is properly one for the jury as to whether there is a substantial misdescription. Mills v. Hackett, 65 Tex. 580. The judgment of the court practically finds that the description is the same. It forecloses the lien on the sheep as described in the petition and recites the fact that the sheriff levied on certain sheep, describing them, as described in the return of the sheriff, and that they were replevined and decrees a judgment for their value against the obligors in the replevin bond, if the sheep were not returned to the plaintiff. We think the judgment clearly establishes that the proper sheep were levied upon and that there was no misdescription in the return. Under the record as made, we cannot hold as a matter of law there was such misdescription requiring the return to be quashed. If the proper sheep were seized, then there was no injury shown. The judgment concludes the question as to a proper seizure and description in so far as plaintiff in error is concerned. Cheatham v. Riddle, 8 Tex. 162; Trammell v. Trammell, 20 Tex. 416. In the absence of a specific direction by statute, requiring that the return shall describe the property as described in the writ of affidavit, we do not feel warranted in holding that the return should be quashed when the description is not exactly the same. If the statutes so required, the mortgagee could easily perpetrate a fraud. The return in this case shows that the brands were paint brands. The shearing would destroy the brands, thereby destroy the mortgage, and this could be done even after the writ is issued and before the levy. The purpose is to seize the animals mortgaged and described in the writ, and, when this is done, the mandates of the writ have been met. It makes no difference how many other marks have been added; if it shall appear upon a trial the proper animals have been seized, the lien will be enforced. If other property was seized, plaintiff in error should have shown it. In this case the record stands as a confession on the part of plaintiff in error that the proper animals were seized. There was no issue presented that the wrong sheep were seized and described in the return.

[5, 6] The general rule is that sureties upon a replevin bond in sequestration proceedings must leave the conduct of the case to their principal and abide the judgment rendered in the case for the reason that is precisely what they undertook to do by the bond. Wandelohr v. Grayson, etc., 102 Tex. 20, 108 S. W. 1154, 112 S. W. 1046. In addition to the general rule above stated, in answer to plaintiff in error's sixth proposition, it is sufficient, we think, to say the sureties on the replevin bond are not complaining in this court. Plaintiff in error alone appeals, and, as above suggested, it appears from the record before us the proper animals were seized and the lien properly foreclosed against them. This is not a case in which the return was quashed; if it had been and properly quashed, the sureties would have been released. Mitchell v. Bloom, 91 Tex. 634, 45 S. W. 558. The sureties agreed that the property should be forthcoming to abide the decision of the court. The decision of the court was that the proper animals were seized, and, as seen, there was no issue made in the court below that they were not, and, as said in Cheatham v. Riddle, supra, even though there was error in overruling the motion to quash the sequestration, "the ruling of the court upon it cannot now be material, only in so far as respects the sureties on the bond given by the defendant for the forthcoming of the property to abide the judgment of the court. The sureties have not appealed, and an error in the judgment as to them will not authorize a reversal of the judgment against the principal."

For the reasons above stated, plaintiff in error's second assignment will be overruled.

[7] By the third and fourth assignments, plaintiff in error urges error in the action of the court in sustaining special exceptions to his answer. The answer in effect alleged that L. T. Lester was the president of the defendant in error bank, and that he and plaintiff in error entered into an agreement. The answer set out the agreement, which by its terms constitutes a partnership between Lester and plaintiff in error in the sheep business. It is shown thereby that Lester was to loan the partnership the sum of $1,-500, or was to furnish $1,500. This sum, finally included with the amount of $245, which plaintiff in error owed the bank, was placed in the note sued on and was made payable to the defendant in error bank. It is alleged substantially that this sum sued for except the sum of $245 was money owing by Lester and that the note was a mere accommodation note on the part of plaintiff in error. The answer charges no notice to the bank of any such arrangements between plaintiff in error and Lester further than that Lester was the president of the bank when the note was executed. We think the answer in this case discloses the fact that, if Lester took the note in question to evidence a debt that he himself was owing the bank, in such case his interest would be adverse to that of the bank. The general rule that notice to the agent is notice to the principal does not apply when the agent himself is adversely interested to the interest of his principal. We think, under the conditions alleged, it was necessary for plaintiff in error to have further alleged that the bank had notice of the arrangements between him and Lester from some other source than notice to Lester. Teagarden v. Godley Lumber Co., 105 Tex. 616, 154 S. W. 973; La Brie v. Cartwright, 55 Tex. Civ. App. 144, 118 S. W. 785.

We believe the trial court properly sustained the exception of the defendant in error to the answer. We find no reversible error in the action of the court, and the case will be affirmed.

---

&#x2192;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

† Writ of error pending in Supreme Court.