### CAWLEY v. DIXIE FINANCE CO. et al. (No. 1815.)

Court of Civil Appeals of Texas. Beaumont.
March 28, 1929.

Rehearing Denied April 10, 1929.

David E. O'Fiel, of Beaumont, for plaintiff in error.

John T. Kitching, of Beaumont, for defendant in error.

WALKER, J. Dixie Finance Company sued Henry Thomas in county court upon a promissory note and to foreclose a chattel mortgage upon an automobile given to secure its payment. The automobile was seized under a writ of sequestration sued out by the plaintiff. Defendant duly filed his replevy bond, and the car was turned back to his possession. Upon trial plaintiff was given judgment for $195 against Thomas upon the note, with judgment against W. C. Gray and M. J. Cawley as sureties upon the replevy bond.

Cawley has appealed from the judgment by writ of error upon the following propositions:

 (1) He says he did not sign the bond. This proposition is overruled. The court having adjudged him to be one of the sureties, we cannot review that finding, except upon evidence in the statement of facts. In making up the statement of facts, the trial court certified "that a replevy bond was introduced, but as to the recitations in it and the sureties thereon I am not able to say, as I did not closely examine the same." There being no evidence in the record controverting the trial court's conclusion that plaintiff in error was a surety upon the replevy bond, this proposition requires no further consideration.

(2) He says the bond was not returned into court and was not introduced in evidence. The trial court's certificate just quoted disposes of this proposition.

 (3) He says there was no pleading of the execution and loss on the bond. This proposition is overruled. The affidavit for sequestration, the writ of sequestration, the bond for sequestration, and the replevy bond were all offered in evidence. This gave the trial court jurisdiction to enter judgment against the sureties. Article 6852, R. C. S.; Morris v. Anderson (Tex. Civ. App.) 152 S. W. 677; Tyson v. Bank (Tex. Civ. App.) 154 S. W. 1055; Wandelohr v. Bank (Tex. Civ. App.) 106 S. W. 413; Rosser v. Hale (Tex. Civ. App.) 235 S. W. 968; Clayton v. Stephenson (Tex. Civ. App.) 254 S. W. 507; Dempsey Oil Co. v. Hussey (Tex. Civ. App.) 254 S. W. 590.

Affirmed.