GENERAL MOTORS ACCEPTANCE CORPORATION v. UNITED STATES FIDELITY & GUARANTY CO.

No. 3786.

Court of Civil Appeals of Texas. Amarillo.

April 13, 1932.

Rehearing Denied April 27, 1932.

Dorenfield, Foster & Fullingim, of Amarillo, for appellant.

Gibson & Sutton, of Amarillo, for appellee.

JACKSON, J.

This is an appeal by the General Motors Acceptance Corporation from a judgment of the county court at law of Potter county, Tex., decreeing a judgment theretofore rendered by the county court of Potter county, Tex., in favor of the appellant against W. W. Rainwater as principal and the appellee herein, United States Fidelity & Guaranty Company, as surety, had been satisfied as to the surety, and permanently enjoining the appellant from having execution issued on such judgment for the collection thereof against the appellee and its property.

The appellee alleged that on the 18th day of April, 1930, the appellant instituted suit in the county court of Potter county, Tex., against W. W. Rainwater on a promissory note for $551 and to foreclose a chattel mortgage on an automobile given to secure the payment of said note; that appellant filed its affidavit and bond for sequestration, and on the 16th day of May, 1930, the writ was issued to the sheriff of Tom Green county, Tex., who, on the 19th day of May, 1930, by virtue of said writ, took possession of said automobile; that on May 21st thereafter W. W. Rainwater made a replevy bond in the sum of $1,000, with the appellee herein as surety thereon, which was duly approved and returned into court; that on July 8, 1930, the county court of Potter county rendered a default judgment against W. W. Rainwater as principal and the appellee herein as surety, for the sum of $548.30, with interest and costs, foreclosure of its mortgage, and determined the value of the automobile covered by said mortgage to be the sum of $550. The judgment provided that, if the automobile was not forthcoming within ten days from the date of the judgment, and could not be found, or if the proceeds of the sale thereof, if made under order of sale, were not sufficient to pay the judgment, execution issue to the proper officer commanding him to make the balance of said judgment out of the surety, unless the automobile was delivered under the replevy bond within ten days from the judgment, in which event the surety should be discharged.

On December 19, 1930, the United States Fidelity & Guaranty Company, by writ of error, prosecuted an appeal from said judgment to this court, complaining of the action of the trial court in rendering judgment against it for interest, costs, and attorneys' fees, in addition to the value of the automo-

bile as found by the court. On the 17th day of June, 1931, this court reformed said judgment of the trial court, and adjudged that the General Motors Acceptance Corporation recover of and from the United States Fidelity & Guaranty Company the sum of $548.30, without interest, costs, or attorneys' fees, and, as so reformed, the judgment of the court below was affirmed and became final on July 3, 1931.

That on July 30, 1930, the General Motors Acceptance Corporation had an order of sale issued by the county clerk of Potter county, Tex., directing the sheriff of Tom Green county to sell the automobile in satisfaction of the judgment. That on September 2, 1930, said sheriff sold said automobile to the General Motors Acceptance Corporation for the sum of $100.

That at the time of the institution of this suit the judgment of the Court of Civil Appeals reforming the judgment of the trial court had not became final, and appellee, under the terms thereof, was entitled to be relieved of liability thereunder by delivering to appellant the automobile within ten days after the judgment of the county court became final and that the judgment of the county court did not become final until the judgment of the Court of Civil Appeals became final. That appellant is threatening to issue execution against appellee on said judgment, and, unless restrained, will have execution issued to enforce said judgment, to appellee's damage in the sum of $548.30. That it has no adequate remedy at law, and will suffer irreparable loss, unless appellant is restrained from enforcing said judgment against it.

The appellee prayed that the appellant be enjoined from having execution issued on said judgment, from the collection and enforcement thereof, and that said judgment be adjudged fully satisfied as to it as surety on the replevy bond.

The appellant answered in this suit by general demurrer, which was overruled by the trial court, and judgment rendered granting appellee all the relief sought, from which judgment this appeal is prosecuted.

■ No appeal was prosecuted by or for W. W. Rainwater from the judgment rendered against him on his note and for the foreclosure of the chattel mortgage held against him by the General Motors Acceptance Corporation. Therefore, as to him, said judgment became final after the time for the appeal had elapsed, which was long before the United States Fidelity & Guaranty Company, by writ of error, prosecuted an appeal from said judgment to this court. It will be observed that the only question presented for review to this court by the United States Fidelity & Guaranty Company in its appeal was the error of the court in entering judgment against it as surety on the replevy bond for interest, costs, and attorneys' fees.

Within ten days after the judgment became final against W. W. Rainwater, according to the terms thereof and under article 6853, R. C. S., he was required to deliver the property which he "had bound himself to have forthcoming to abide the decision of the Court, and which property has not been injured or damaged since the replevy."

The terms of the replevy bond were conditioned according to the statute, and provided that W. W. Rainwater would have the property forthcoming to abide the decision of the court or pay the value thereof in case he was condemned to do so.

"The statute gives a defendant the right to return property replevied, but it does not, in terms, confer on sureties the right to have it returned, and, in the absence of a law thus providing, or of some contract between principal and surety securing such a right, it is not seen on what ground the latter can claim it." Krall et al. v. Campbell Printing-Press & Mfg. Co., 79 Tex. 556, 15 S. W. 565, 567.

"The defendant and the sureties received the benefit of the property found and subjected to the debt, but that would not release the remainder of the judgment against the sureties." Morgan v. Coleman et al. (Tex. Civ. App.) 204 S. W. 670, 671.

"The general rule is that sureties upon a replevin bond in sequestration proceedings must leave the conduct of the case to their principal and abide the judgment rendered in the case for the reason that is precisely what they undertook to do by the bond." Hawkins v. First National Bank of Canyon, Texas (Tex. Civ. App.) 175 S. W. 163, 165.

The prosecution by the United States Fidelity & Guaranty Company of a writ of error from the judgment of the county court did not, under this record, affect the validity or the finality of the judgment against W. W. Rainwater, the principal on the bond which it had signed as surety. Sweeten v. Taylor (Tex. Civ. App.) 184 S. W. 693; Hawkins v. Bank, supra.

The record discloses that W. W. Rainwater retained possession of the car for more than ten days after the judgment against him had become final, that the property was obtained by appellant herein by purchase at a sheriff's sale, all of which occurred after the time had elapsed for Rainwater to deliver the car or pay the value thereof. It will be noted that appellee does not allege that the automobile at the time of the sale had not been injured or damaged since it was replevied by W. W. Rainwater. He had obligated himself, under his bond, as required by the statute, to have the property forthcoming to abide the decision of the court without injury or damages since it was replevied. The court found the value of the automobile to be $550. It was sold for $100, and there is no allegation that it was sold for less than its value. This would indicate that the automobile had been damaged. Whether the sureties would have been relieved from liability on the judgment if W. W. Rainwater had voluntarily delivered the automobile would depend on the time the car was tendered and its condition at the time it was tendered. Krall v. Campbell Printing-Press & Mfg. Co., supra. For other authorities, see Texas Fidelity & Bonding Co. v. Cagle (Tex. Civ. App.) 135 S. W. 689; Rahlmann v. Galveston Auto Sales Co. (Tex. Civ. App.) 238 S. W. 345; Richey v. Stanley et al. (Tex. Civ. App.) 38 S.W.(2d) 1104.

The judgment is reversed, the injunction dissolved, and the cause remanded.