### BAUM et al. v. DUNBAR et al.
#### No. 8146.

Court of Civil Appeals of Texas. Austin.
Nov. 27, 1935.

Rehearing Denied Jan. 29, 1936.

L. H. Welch, of Breckenridge, for appellants.

Webb & Webb, of Elgin, for appellees.

BAUGH, Justice.

This case arose as follows: H. Baum sued L. D. Prewitt in the county court of Stephens county, Tex., upon two promissory notes executed by Prewitt to Baum, and to foreclose a mortgage on an automobile given to secure payment of one of said notes. He sequestered said automobile, a five-passenger Buick sedan, then in the possession of Prewitt, who thereupon replevied same, executing a bond as required by law in the sum of $900, based upon the sheriff's valuation of said automobile at $450, with G. S. Dunbar and G. W. Prewitt as sureties on his replevy bond. L. D. Prewitt did not defend in said suit, other

than to file an answer, and judgment was rendered against him for the full amount of said notes, interest, and attorney's fees, and against him as principal and G. W. Prewitt and G. S. Dunbar as sureties on said replevy bond in the sum of $433.55. The judgment, rendered on September 9, 1933, did not foreclose the mortgage on said automobile, but the record discloses that it was delivered to the sheriff of Stephens county by L. D. Prewitt on September 16, 1933, and thereafter sold by the sheriff under order of sale for $100, and that sum credited upon the judgment against Prewitt and the sureties on his replevy bond. Thereafter alias execution was issued in favor of Baum to Bastrop county against said parties for the balance due upon said judgment.

Thereupon Dunbar and G. W. Prewitt brought this suit in the district court of Bastrop county to restrain the execution of such judgment against them, on the grounds, among others, that as to them the judgment of the county court of Stephens county was void. A temporary ex parte injunction was granted, and, after a hearing upon the merits, was made permanent, from which judgment this appeal has been prosecuted.

Serious questions are raised by appellants as to the sufficiency of appellees' pleadings in the trial court to authorize such injunction in any event, but assuming, for the purposes of this appeal, that such pleadings did suffice, we are clear in the view that appellants' plea to the jurisdiction of the district court of Bastrop county should have been sustained and the injunction hearing transferred to the county court of Stephens county.

■ While considerable confusion has arisen in the decisions as to the extent of the liability of the sureties on a replevy bond in such cases, where the property has been replevied by the defendant and has thereafter been turned over to the sheriff within ten days after judgment, it now seems settled that, while the mortgagor and his sureties are not, under article 6858, liable for the reasonable use of such property while in the hands of the defendant nor for its fruits and revenues, they are liable for its reduced value during such period

resulting from abuse or injury thereto. Laseter v. Hyde (Tex.Civ.App.) 65 S.W. (2d) 388; Mutual Inv. Corp. v. Hays (Tex. Com.App.) 59 S.W.(2d) 97. That being true, the county court of Stephens county, if the evidence showed such damage to the automobile after it was replevied and the bond executed and prior to delivery of same to the sheriff of Stephens county, had jurisdiction to render judgment summarily and without notice to the extent of such damage against the sureties on the replevy bond. Article 6852, R.S. 1925; Burton v. Perry (Tex.Civ.App.) 53 S.W. (2d) 795; Cawley v. Dixie Finance Co. (Tex.Civ.App.) 15 S.W.(2d) 664. From the evidence in the instant case it may be inferred that such was the basis of the judgment of the county court of Stephens county against such sureties. It is not necessary for us to determine whether that judgment was for an improper amount or was otherwise erroneous. If so, it was merely voidable and not void. It could have been corrected by appeal therefrom or by a proper proceeding in the court in which it was rendered, but was not subject to collateral attack. Since it affirmatively appears that the county court of Stephens county had jurisdiction of the parties, the subject-matter, and power to render the judgment attacked, such judgment was not void. See 25 Tex.Jur. § 261, p. 709, and numerous cases there cited.

■ That being true, under the express provisions of article 4656, R.S. 1925, the temporary injunction granted by the district court of Bastrop county, conceding that sufficient grounds were alleged to authorize it, should have been made returnable to the court in which the judgment was rendered; that is, the county court of Stephens county. Carey v. Looney, 113 Tex. 93, 251 S.W. 1040; Friedrich v. Brand (Tex.Civ.App.) 28 S.W.(2d) 279; 24 Tex.Jur. § 121, p. 165 et seq.

The judgment of the trial court is therefore set aside, and the cause remanded, with instructions to the trial court to transfer said cause to the county court of Stephens county for hearing in that court upon appellees' application for the injunctive relief sought.

Reversed and remanded.