## WARE v. HARKINS.

### No. 14459.

Court of Civil Appeals of Texas. Dallas.

Feb. 22, 1952.

Rehearing Denied March 21, 1952.

·Ed. C. Stearns, Dallas, for appellant.

Leonard R. Winborn, Dallas, amicus curiae.

No one appeared for appellee.

YOUNG, Justice.

Ancillary to suit for debt and foreclosure of mortgage lien, appellant-lender caused a writ of sequestration to issue; and the security, a 1939 Packard automobile and house trailer, was seized by the Sheriff. On May 16, 1949 the chattels were replevied by Harkins, debtor, valued at (sedan car) $200 and (trailer) $200, a total of $400; bond fixed at $800, with Leonard R. Winborn as one of the sureties thereon.

On April 26, 1951 final judgment was rendered in favor of appellant for $322.50,

with interest, attorney's fees and costs; ordering foreclosure of lien on the described property as it existed on September 7, 1948. Recovery against the sureties on replevy bond was denied, defendant Harkins having returned the property to Sheriff Decker within ten days from date of judgment pursuant to Art. 6853, Vernon's Ann. Civ.St., now Rule 705, Texas Civil Procedure. Value of the mortgaged property was fixed at $80 on date of judgment, and thereafter it was sold in due course by the sheriff for $70 which amount was duly credited on the debt.

In findings of fact and conclusions of law requested by appellant, the court fixed value of the mortgaged property as of date of replevy at $322.50, value on date of trial at $80; further finding there was no evidence "presented by the plaintiff showing damage to the automobile or trailer other than reasonable wear and tear on same from the time of the execution of the replevy bond to the date of the trial and tender of the property in question to the Sheriff of Dallas County, which was done within the ten (10) days allowed by the judgment herein. The property was accepted by the Sheriff." In consequence, the court concluded as a matter of law that the sureties on replevy bond should be discharged upon tender of the mortgaged property.

The sole point of appeal is reflected in the court's conclusion just recited; appellant contending that said sureties are liable in the sum of $242.50 ($322.50 less $80.00), and assigns error in the court's refusal to render judgment against the sureties in such amount.

The obligation of Harkins (defendant-principal) and sureties on his replevy bond as required by Rule 705 (old Art. 6853), was to have the property forthcoming to abide the decision of the court, without damage or injury since it was replevied. General Motors Acceptance Corp. v. U. S. Fidelity & Guaranty Co., Tex.Civ. App., 48 S.W.2d 1029. We have carefully read the testimony adduced by plaintiff bearing on alleged damage to the property during period of replevy and find ample warrant for the court's decision that there was none within meaning of the Rule; and

that any diminution in value was attributable to lapse of time (ordinary depreciation) plus fluctuations in values between day of replevy and redelivery to the Sheriff. During such interval the mortgagor is entitled to possession of the property, inclusive of a proper user. Laseter v. Hyde, Tex.Civ. App., 65 S.W.2d 388. "While mortgagor and sureties on his replevy bond are not liable for reasonable use of mortgaged personalty, replevied by mortgagor and delivered to sheriff within ten days after judgment for mortgagee on notes secured by mortgage, while in mortgagor's hands, nor for fruits and revenues thereof, they are liable for reduction in value thereof during such period because of abuse or injury." Baum v. Dunbar, Tex.Civ.App., 90 S.W.2d 643, syl. 1.

In other words, there being no evidence tending to show any *abuse* of the property while rightfully in defendant's possession, the court properly ordered a discharge of sureties on tender thereof within the ten days allowed by said judgment. Commercial Securities Co. v. Thompson, Tex.Civ.App., 239 S.W.2d 911, is viewed as not inconsistent with the cited cases and this holding. Judgment of the trial court is affirmed.