**James K. WISDOM, Appellant,**

v.

**Terill A. WILSON, Appellee.**

Court of Appeals of Kentucky.

Feb. 13, 1970.

H. Jefferson Herbert, Jr., Wilson, Herbert & Garmon, Glasgow, for appellant.

James A. Hicks, Hile Pritchard, John Sloan, Albany, for appellee.

STEINFELD, Judge.

Automobiles driven on November 20, 1967, respectively by appellant, Mr. James K. Wisdom, and appellee, Judge Terill A. Wilson, collided at the intersection of Highways 90 and 127 in Clinton County. Judge Wilson sued Mr. Wisdom and obtained judgment for $7,336.50 from which Mr. Wisdom appeals. Several claims of error are assigned but we deem it necessary to consider only the one on which we reverse.

Prior to, and at the time of trial, Judge Wilson was the regular judge of the Clinton Circuit Court. On the 24th day of April 1968, the defendant below, by his counsel, filed an affidavit in which he stated that Judge Wilson had charged and qualified the grand jury of the regular April 1968 term of that court in the presence of the petit jury panel and that Judge Wilson had presided over the business of the court in the presence of those jurors. He further swore that Judge Wilson would try other cases before those jurors and he asserted that he could not receive a fair and impartial trial under those circumstances. No counter affidavit was filed. He moved " * * * that a special venire be impaneled by the special judge solely for the purpose of the trial of this action, * * *". The Court of Appeals had appointed a special judge to try the case, Judge Wilson properly having disqualified himself.

Immediately before trial on May 16, 1968, the defendant below again moved " * * * to quash the venire of the April 1968 term * * *, and/or, in the alternative, challenged the array of Petit Jury * * *". Counsel stated to the court that Judge Wilson had " * * * appointed the jury commissioners who selected the names for the jury wheel, and, further, that the plaintiff himself actually drew from said wheel the names of the jurors who comprise the regular Petit Jury panel, * * *". The special judge denied the motions and proceeded with the trial.

We announced in Kentucky Journal Publishing Company v. Gaines, 139 Ky. 747, 110 S.W. 268, 33 KLR 402 (1908), that " * * * it is of the utmost importance that every man should have a fair and impartial trial of his case, and that to secure this great boon two things are absolutely essential—an impartial jury, and an unbiased judge. But we go further and say that it is also important that every man should know that he has had a fair and impartial trial, or, at least, that he should have no just ground for the suspicion that he has not had such a trial."

We have made statements in criminal cases, that a litigant is entitled to a " * * * jury composed of members who are disinterested and free from bias and prejudice actual or implied or reasonably inferred." Gossett v. Com., Ky., 426 S.W. 2d 485 (1968). Also see Flannery v. Com., Ky., 443 S.W.2d 638 (1969) and Hudson v. Com., Ky., 449 S.W.2d 218 (1969).

In 50 C.J.S. Juries § 208, p. 945, it is written "Every litigant in a civil action tried by a jury or accused in a criminal prosecution or proceeding is entitled to an impartial jury, and it is the duty of the trial court to see that a jury of competent, fair, and impartial persons is impaneled."

Although no improper motives were charged or indicated the influence on a jury of remarks made by a circuit judge has been held to have prevented a fair

trial. In City of Prestonsburg v. Mellon, 220 Ky. 808, 295 S.W. 1064 (1927), we said: "Side remarks or the expression of opinion coming from the trial judge are calculated to have great weight with the jury." We have taken notice "* * * of the high regard which jurors generally have of the judge, hence his remarks have great weight and often result in improper influence. (citing cases)." Chism v. Lampach, Ky., 352 S.W.2d 191 (1961). Cf. Irwin v. Jenkins, Ky., 427 S.W.2d 819 (1968) and Rice v. Rizk, Ky., (decided February 13, 1970).

■ The distance from the judicial bench to the tables occupied by counsel and litigants is very short. The same is true as to the witness stand. The jurors observed Judge Wilson in all these positions. The atmosphere of absolute impartiality did not exist. Cf. Com., Dept. of Highways v. Garland, Ky., 394 S.W.2d 450 (1965).

■ Appellee calls our attention to KRS 452.010 which authorizes a change of venue and argues that the appellant made the wrong motion. The answer is that KRS 452.010 provides for a change of venue when the litigant "* * * cannot have a fair trial in the county". The appellant made no such contention, only that he could not have a fair trial before that jury panel. The motions should have been sustained.

The judgment is reversed with directions to grant appellant a new trial.

All concur, except NEIKIRK, J., who did not sit.