Dale LINDEBURG, Appellant,

v.

GULFWAY NATIONAL BANK, Appellee.

No. 1826.

Court of Appeals of Texas, Corpus Christi.

Oct. 7, 1981.

Rehearing Denied Nov. 12, 1981.

Mark H. Giles, Giles & Adams, Corpus Christi, for appellant.

Allen Wood, Wood & Burney, Corpus Christi, for appellee.

## OPINION

GONZALEZ, Justice.

Gulfway National Bank, hereinafter referred to as the Bank, brought suit against Dale Lindeburg seeking to recover on three promissory notes. The trial court granted the Bank a summary judgment and Lindeburg appealed. We affirm.

Lindeburg was the maker of three promissory notes made the subject of this lawsuit: A $20,000 note, executed on August 2, 1978; a $15,000 note, executed on August 25, 1978, and a $40,000 note, executed on October 16, 1978. All three notes provided for interest at the rate of 10% per annum and were single payment notes. These three notes replaced several smaller notes

executed by Lindeburg at the Gulfway National Bank.

The summary judgment evidence consisted of an affidavit of Robert L. Steel, President of the Bank, an affidavit of Lindeburg opposing the summary judgment and the depositions of Steel, Lindeburg, and two bank tellers.

The affidavit of Robert L. Steel stated that he was competent to testify, that the Bank was the owner and holder of the three promissory notes in question, that the attached photocopies of the notes were true copies of the notes, that they were past due and that no payments had been made on the notes, and that there were no offsets applicable to them. He stated, further, that these facts were true and correct and were within his personal knowledge.

Lindeburg's affidavit stated that he did not receive any of the money from the promissory notes in question, and that Robert O'Neal Hillin, Sr., a Senior Vice President of the Bank, through trickery or device, induced him to sign the notes and that Hillin converted the proceeds of the notes to his own use.

Lindeburg is a 37 year old pharmacist who operates his own business. He met Robert Hillin, the Vice President of the Bank, in connection with the financing by the Bank of an automobile for Lindeburg. Thereafter, Lindeburg moved his business and personal account to the Bank, and Robert Hillin became his banker. Over a three year period, before the execution of the three notes in question, Robert Hillin handled the financing by the Bank of two or three automobiles for Lindeburg and also a loan to increase the inventory of Lindeburg's drugstore.

Lindeburg testified in his deposition as follows:

"He said to me—of course, he spent about approximately three years, you know, until the point in time where he was calling me son and young fellow and this type thing. And he called one day and asked me to come to the bank.

So I went to the bank, not really knowing what to expect. He took me off to the side and said, "I've got this bank stock thing I'm trying to put together." He said, "I just need a little help getting over the hurdle." He showed me a financial statement of about one point five million, said that he had all these properties and things, but he had no cash.

He said, "If you will help me." He said, "it could do nothing but enhance your position at the bank. It's a no risk thing to you." He said, "I will loan the money from the bank to you, you in turn will loan it back to me, and I will give you a note. It should take about six months," he said. "When the bank stock deal is consummated, I will have the monies to pay you back, and then you can pay the bank back. If it is not consummated, the money will be sitting in this escrow account, and the money will go from the escrow account and will pay off the loan. So, all you're doing is increasing your borrowing power by helping me do this."

Lindeburg agreed to help and the first note was for $7,800. A series of other notes followed. The procedure was the same in all of the notes. Robert Hillin would induce Lindeburg to sign notes payable to the Bank and then endorse cashiers checks and deliver them to Robert Hillin, who would obtain the money and keep it, supposedly, in an escrow account at the Bank. Robert Hillin would then execute and deliver his own personal notes to Lindeburg, telling Lindeburg that he would repay Lindeburg and that Lindeburg could then in turn pay the Bank.

Thereafter, Hillin disappeared[1] and the Bank filed suit for collection of the notes which totaled $75,000, plus attorney's fees and interest. Lindeburg answered that the notes were without consideration and that the Bank, acting by and through its officer, Robert Hillin, wrongfully converted the proceeds of the note and failed to deliver

---

1. Hillin was later indicted in Federal Court for misapplication of funds by a bank officer. He plead guilty and was assessed a fine and ordered to make restitution.

the proceeds to Lindeburg. Also, Lindeburg filed a cross action against the Bank alleging that he had been a victim of a scheme by the bank officer and that because of the newspaper publicity in connection with the case that he had been held up to public ridicule and his good name and goodwill of his business had been damaged. He also alleged in a supplementary answer that the procurement of his signature on the notes in question was a result of fraud in the inducement of the execution of said notes, and that Hillin had represented to him that he would never be personally responsible for the payment of the notes, and that he signed in reliance on said representation.

Lindeburg contended that the pleadings, depositions, and affidavits on file, gave rise to genuine material fact issues with respect to his liability to the Bank. The trial court disagreed and found that there was an absence of genuine issues of material facts and rendered a summary judgment to the Bank from which judgment Lindeburg appeals. Thereafter, after a trial before the court, the court rendered a take nothing judgment on Lindeburg's counter claim against the Bank for damages to his business and professional reputation.

Appellant's first point of error complains that the trial court erred in granting the motion for summary judgment.

To be entitled to a summary judgment, movant has the burden of establishing that there exists no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law. Rule 166–A(c), Texas Rules of Civil Procedure; *Mitchell v. Baker Hotel*, 528 S.W.2d 577, (Tex.1975); *Gibbs v. General Motors, Corp.*, 450 S.W.2d 826, (Tex.1970).

■ In an action on a promissory note by a plaintiff who is not a holder in due course, parol evidence is admissible to show that the maker was induced by the fraudulent representations of the payee to sign the note. See: Tex.Bus. & Com.Code Ann. § 3.306(2) (1968); *Town North Nat. Bank v. Broaddus*, 569 S.W.2d 489 (Tex.1978). However, "[T]he mere representation by a

payee to the maker that the maker will not be liable on the note does not constitute fraud in the inducement so as to be an exception to the parol evidence rules...." *Broaddus*, supra, at 492. "[T]here [must] be a showing of some type of trickery, artifice, or device employed by the payee in addition to the showing that the payee represented to the maker he would not be liable on such note." *Broaddus*, supra, at 494.

■ In the case at bar, Lindeburg was not tricked or deceived into signing the promissory notes in question. He was interested in helping a friend and also helping himself to improve his borrowing power with the Bank. It is plainly shown that Robert Hillin, the bank officer, was acting entirely in his own behalf in the transactions involved here, and that the Bank advanced the funds to Hillin as Lindeburg understood that it would do. We hold that the allegations of fact in the instant case, even if true, do not constitute fraud in the inducement so as to support an exception to the parol evidence rule. Therefore, Lindeburg is left in the position of having offered no summary judgment proof to meet the burden imposed upon him to show the existence of a genuine issue as to a material fact. Consequently, the trial court properly granted summary judgment in favor of the Bank.

■ Appellant asserts in his second point of error that the trial court committed error in considering as evidence the affidavit of Robert Steel, filed with the court two days before the hearing on the motion for summary judgment.

Rule 166–A(c) of the Texas Rules of Civil Procedure states.... "*Except on leave of court, with notice to opposing counsel*, the motion and supporting affidavits shall be filed and served at least 21 days before time specified for hearing." (Emphasis added) See also, *Rhoades v. City of Austin*, 584 S.W.2d 917, (Tex.Civ.App.—Tyler 1979, writ ref'd n. r. e.). The record shows that leave of court was obtained to file the affidavit and that notice was given to opposing counsel. Appellant's second point of error is overruled.

We have carefully reviewed the other points of error and they are overruled. Accordingly, the judgment of the trial court is affirmed.

## OPINION ON MOTION FOR REHEARING

Appellant contends in his motion for rehearing that we committed error in affirming the trial court judgment granting a summary judgment to the Bank. He asserts that we failed to consider the defense of want of consideration, the defense of whether the notes in question were funded, and the defense of scope of employment of the Bank officer.

We did consider these matters and ruled in the Bank's favor.

■ Appellant knew when he signed the notes, endorsed the cashier's checks and delivered them to Hillin that Hillin was going to present the notes to a teller, and that the teller was going to give the money to Hillin. The teller did exactly what appellant expected, and the fact that appellant did not physically handle the money does not change the nature of the transaction. Appellant knew that the transaction was a loan from the Bank to appellant, and a contemporaneous loan from appellant to Hillin. His recourse, if any, is against Hillin, and not against the Bank.

■ The consideration for the notes is appellant's promise to pay the Bank the money the Bank loaned him, which he in turn loaned to Hillin. Furthermore, in borrowing the money from appellant, Hillin was acting for his own personal interest and not in the scope of his employment with the Bank. See: *Grayson County National Bank v. Hall*, 91 S.W. 807, (Tex.Civ. App.—1906, no writ); *Hawkins v. First National Bank of Canyon*, 175 S.W. 163, (Tex. Civ.App.—Amarillo 1915, no writ); *National Bank of Commerce v. Rogers*, 125 S.W.2d 632, (Tex.Civ.App.—Galveston, 1938, writ denied, jud. corr.)

We have considered all points on the motion for rehearing and they are overruled.