INGRAM v. BROWN & McFARLAND.
(No. 1382.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 23, 1914.)

REPLEVIN ☞135—BONDS—JUDGMENT.

A judgment against the sureties on a replevy bond should, under Vernon's Sayles' Ann. Civ. St. 1914, art. 7107, provide that a delivery to and acceptance by the sheriff of the property replevied should, as to them, operate as a satisfaction of the judgment.

[Ed. Note.—For other cases, see Replevin, Cent. Dig. §§ 532–540; Dec. Dig. ☞135.]

Appeal from Smith County Court; Jesse F. Odon, Judge.

Action by Brown & McFarland against J. L. Ingram. From judgment for plaintiffs, defendant appeals. Reformed and affirmed.

W. R. Bishop, of Athens, for appellant. Price & Beaird, of Tyler, for appellees.

WILLSON, C. J. This was a suit by appellees against appellant, to recover a sum claimed to be due on promissory notes, and to foreclose mortgages on certain personal property, made to secure the payment of the notes. A writ of sequestration, issued at the instance of appellees, having been levied upon property covered by the mortgages, appellant replevied same, as authorized by the statute (article 7103, Vernon's Sayles' Statutes). The appeal is from a judgment in appellees' favor against appellant for $214.30, interest and costs, and foreclosing the lien of the mortgages on the property, and in appellees' favor against appellant and the sureties on his replevy bond for a like sum, interest and costs.

It is not believed the judgment should be reversed and a new trial awarded for any of the reasons suggested in the assignments; but as the judgment is erroneous, in that it (1) awards a double recovery against appellant of the sum found by the court to be due by him to appellees, and (2) awards a recovery of the costs of the suit against the sureties on the replevy bond, and does not provide, as it should, that a delivery to and acceptance by the sheriff of the property replevied, as provided by law (Vernon's Sayles' Statutes, art. 7107), should operate as a satisfaction of the judgment so far as it is against the sureties on the replevy bond, it will be reformed in those respects; and, as so reformed, it will be affirmed.