FAWCETT v. MAYFIELD et al.   (No. 5600.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 26, 1916.   Rehearing Denied March 1, 1916.)

1. APPEAL AND ERROR ⚖⟿880—PERSONS ENTITLED TO ALLEGE ERROR.

Where, in an action on a note by an indorsee and to foreclose a chattel mortgage, brought against the maker and mortgagor, and a third person in possession of the mortgaged chattels, the payee intervened, claiming the equitable ownership of the note to permit the third person to litigate his cross-action, which he did not sustain, the third person could not object to judgment for plaintiff against him.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3584–3590; Dec. Dig. ⚖⟿880.]

2. APPEAL AND ERROR ⚖⟿1073—PERSONS ENTITLED TO ALLEGE ERROR.

Where an indorsee of a note brought suit thereon and sought to foreclose a mortgage on chattels in the possession of and claimed by the third person, who replevied the chattels seized by plaintiff under writ of sequestration, and the payee intervened as the equitable owner of the note, and the third person was not entitled to recover, a judgment on the replevy bond for plaintiff and the intervener jointly was not prejudicially erroneous as against the third person, though the bond was payable only to plaintiff.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4240–4247; Dec. Dig. ⚖⟿1073.]

3. SEQUESTRATION ⚖⟿20—BONDS—JUDGMENT —RENT.

Rev. St. 1911, art. 7112, providing that in suits for the enforcement of the mortgage, if defendant replevies the property he shall not be required to account for the rents of the same, is intended for the protection of the mortgagor, in whom the ownership remains until the property is sold under foreclosure, and a person not in privity with the mortgagor, who takes possession of the property and, when sequestered, replevies the same, is responsible for the rents thereof.

[Ed. Note.—For other cases, see Sequestration, Cent. Dig. §§ 42–49; Dec. Dig. ⚖⟿20.]

Error from Bexar County Court for Civil Cases; J. H. Clark, Judge.

Action by F. H. Mayfield against George Tillman and another, in which James Kapp and others, members of a firm doing business under the name of the Household Furniture Company, intervened as parties plaintiff. There was a judgment for plaintiff and interveners, and defendant C. C. Fawcett brings error. Affirmed.

Gordon Bullitt and J. T. Fly, both of San Antonio, for plaintiff in error. Leonard Brown, of San Antonio, for defendants in error.

MOURSUND, J. F. H. Mayfield, on July 1, 1914, sued George Tillman and C. C. Fawcett, seeking to recover a judgment against Tillman on a note for $548.12 given by him to the Household Furniture Company, and indorsed to Mayfield; also to foreclose as against both defendants a chattel mortgage on certain furniture and household goods, sold by said furniture company to Tillman. Plaintiff alleged that Fawcett was in possession of said property and claimed some interest therein. On February 17, 1915, James Kapp, A. J. Walser, and H. E. Lockhart, members of a firm doing business under the name of Household Furniture Company, intervened, and made themselves parties plaintiff, alleging that they were the real owners of the note and mortgage sued on, and that such note was transferred to plaintiff for collection. They adopted the original petition and prayer therein contained. The appellees, in their brief, state that the interveners were impleaded by defendant Fawcett in his original answer, and when the case was set for trial sought a continuance because they had not been served, and thereupon they voluntarily appeared and made themselves parties. The original answer does not appear in the record. The first amended original answer of defendant Fawcett contained denials of the allegations of the petition and alleged that Tillman, as the tenant of Fawcett, was in possession of certain household goods and kitchen furniture belonging to Fawcett, and that, without Fawcett's knowledge or consent, he exchanged a portion thereof for the furniture and goods described in plaintiff's petition, or a portion thereof, and that Fawcett informed interveners that the furniture and household goods so received by them belonged to him, and requested an inventory thereof, which they refused to give; that by reason of said facts Fawcett acquired an interest in the property taken in exchange by Tillman; that

interveners have refused to return Fawcett's property or to account to him for the same; that it was of the reasonable value of $300. He prayed judgment awarding him an interest in the property described in plaintiff's petition, or, in the alternative, for the value of his property alleged to have been received by interveners. Plaintiff having caused the property to be seized under writ of sequestration, Fawcett replevied the same, and by supplemental petition plaintiff and interveners sought to recover against him and the sureties on the replevy bond the sum of $25 per month, which they alleged to be the reasonable rental value of the property. Fawcett, by supplemental answer, denied the allegations in the supplemental petition. The court rendered judgment in favor of plaintiff and interveners against Tillman for $602.92 with interest, and against both Tillman and Fawcett for foreclosure of the chattel mortgage lien; also against Fawcett and the sureties on his replevy bond for $231, the value of the property replevied, and $100, the value of the hire of said property.

[1] Appellant contends that the court erred in rendering judgment for plaintiff. It is true that interveners' allegation that they were the real owners of the note was not denied by plaintiff, and that the evidence sustained such allegation. However, interveners sought no recovery as against plaintiff, but on the contrary recognized his legal title to the note, although admitting that they were the beneficiaries or equitable owners of the same, in order that defendant Fawcett might have the opportunity of litigating his cross-action. Fawcett failed to sustain his cross-action, and makes no complaint in this court because of the court's decision with reference thereto. He cannot contend that plaintiff, in whom the legal title to the note was vested, is not entitled to judgment against him. Haggard v. Bothwell, 113 S. W. 965.

[2] Appellant also contends that the court erred in rendering judgment against him and the sureties on his replevy bond, in favor of the interveners. The judgment was in favor of plaintiff and interveners. The bond was payable only to plaintiff, who is clearly entitled to judgment thereon, and the error in awarding judgment in favor of plaintiff and interveners jointly is harmless.

[3] The court did not err in rendering judgment for $100, the value of the rent upon the goods replevied. While article 7112 provides that in suits for the enforcement of a mortgage lien upon property, if defendant should replevy the property he shall not be required to account for the fruits, revenue, or rents of the same, such article was intended for the protection of the mortgagor, in whom the ownership remains until the property is sold under foreclosure, and it was never intended that a person not in privity with the mortgagor could take possession of the property and, when sequestrated, replevy the same without being responsible for the rents, etc. In this case Fawcett had not leased the property from the mortgagor, but held it after the mortgagor had told the mortgagee to come and get it. It had been left by the Tillmans in Fawcett's house, when they removed therefrom, and he refused to give possession thereof.

The judgment is affirmed.

