MORGAN v. COLEMAN et al. (No. 6061.)

(Court of Civil Appeals of Texas. San Antonio. June 12, 1918. Rehearing Denied July 1, 1918.)

1. CONSTITUTIONAL LAW ☾80(3)—DELEGATION OF JUDICIAL POWERS—JUDGMENT.

Rev. St. 1911, § 7107, authorizing sheriff to judge of reasonable amount of damage to property if damaged while in possession under replevin bond, is void as undertaking to invest the sheriff with judicial power.

2. SEQUESTRATION ☾20—DAMAGES TO PROPERTY—RIGHT TO JUDGMENT.

Where petition in sequestration showed that the property taken by defendant under replevin bond was not surrendered, plaintiff had a valid judgment against the surety for the amount of the debt, but no cause of action to recover for loss or injury to the property, although the sheriff may have levied upon such property as he could find.

3. SEQUESTRATION ☾15—REPLEVIN BOND—EFFECT.

The giving of replevy bond in sequestration proceedings and the rendition of judgment against the sureties thereon does not pass the title to the property to the defendant, or destroy plaintiff's right to subject the same to the payment of his debt.

4. SEQUESTRATION ☾20—REPLEVIN BOND—EFFECT.

Where in sequestration proceedings the sheriff subjects part of the property covered by the replevin bond to the debt, the sureties on the replevin bond are not thereby released from the remainder of the judgment.

☾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Error from Bexar County Court for Civil Cases; John H. Clark, Judge.

Suit by W. M. Morgan against F. S. Coleman and others to review the judgment rendered. Plaintiff brings error. Affirmed.

Lewright & Douglas, of San Antonio, for plaintiff in error. Guinn & McNeill, of San Antonio, for defendants in error.

MOURSUND, J. This is a suit by W. M. Morgan against Frank S. Coleman, Frances M. Peck Coleman, Lloyd Caldwell, and A. G. Startz, in which a general demurrer and an exception urging res adjudicata were sustained, and, plaintiff declining to amend, the suit was dismissed. Plaintiff alleged that he had sued Mrs. Coleman, at that time a feme sole named F. M. Peck, in the district court of Bexar county upon a note for $3,000 and for foreclosure of a vendor's lien upon certain personal property; that he had applied for and obtained a writ of sequestration which was executed by the sheriff of Bexar county, by taking into his possession said personal property; that within the time prescribed by law the defendant in said suit replevied said property by delivering to the sheriff a bond for $4,000, signed by her and by said Lloyd Caldwell and A. G. Startz as sureties, conditioned that she would not remove the property out of Bexar county, and would not injure, illtreat, or destroy the same, and that she would have said property, with the value of the fruits, hire, or revenue thereof, forthcoming to abide the decision of said district court, or should pay the value thereof, and of the fruits, hire, or revenue of same, in case she should be condemned so to do. Plaintiff further alleged that said case was tried, and a decree entered substantially as follows:

"That plaintiff, W. M. Morgan, should have and recover of and from the defendant F. M. Peck the sum of $2,522.47, with interest thereon at the rate of 8 per cent. per annum from the 14th day of June, 1912, until paid, and all costs of suit, together with a foreclosure of his lien upon the personal property in said judgment described; that, if said personal property could not be had, plaintiff, W. M. Morgan, recover jointly and severally of and from the defendant F. M. Peck and Lloyd Caldwell and A. G. Startz, sureties on her replevin bond, the said sum awarded to plaintiff; that, if said property had been damaged or injured while in possession under such replevin bond, then plaintiff, W. M. Morgan, recover of said defendant F. M. Peck and her sureties aforesaid the reasonable amount of such injury or damage as such property may have sustained, to be judged of by the sheriff or constable."

He alleged further that afterwards execution and order of sale was issued upon said judgment, levied upon said personal property, and sale made for $1,025, which sum, less the amount of $106.75, deducted for costs, was credited on said judgment; that in compliance with the provision of said decree and article 7108, Revised Statutes, said officer fixed and assessed the damage and loss of furniture between the time of replevy and sale at $212.50, divided by said officer as follows: Damage to rugs, $45; damage to carpets, $27.50; loss and damage to furniture, $140; that by reason of the recitals in the replevin bond and those in the final decree the defendants became obligated and bound to pay him the reasonable amount of the injury or damage sustained by the property while it remained in possession of Mrs. Peck, which was $212.50, and which damage had been fixed by the proper officer at said amount.

[1-4] The judgment pleaded was evidently attempted to be drawn under the provisions of our sequestration statutes, but it is undoubtedly true, as contended by plaintiff in error, that the latter portion thereof undertakes to invest the sheriff with judicial power, and is void. Dupree v. State, 102 Tex. 455–471, 119 S. W. 301. That part of the judgment was apparently prompted by article 7107, relating to return of property by a defendant who has replevied the same. The right to surrender the property, provided the party surrendering same complies with the statute, is not dependent on being mentioned in the judgment, but may be exercised by virtue of the statute. Mills v. Hackett, 65 Tex. 580; Coward v. Sutfin, 185 S. W. 378. The remainder of the judgment awards plaintiff a recovery upon the replevin bond, not merely of the value of the property, as required by statute, but of the entire debt due plaintiff, but it is further alleged, in effect, that such judgment exists if the property cannot be had. By this was evidently meant that if the property was not surrendered as provided by article 7107, the sureties would be bound to pay the entire sum due plaintiff. As stated by plaintiff in error, the petition negatives the idea that the property was surrendered by the defendant, and it therefore discloses that plaintiff has a valid judgment against the sureties for the amount of the debt. This being the case plaintiff shows no cause of action to recover for loss or injury to the property, and the petition was subject to general demurrer. This is not negatived by the fact that the sheriff levied upon such property as he could find and subjected it to the debt. The giving of the replevy bond and the rendition of judgment against the sureties thereon does not pass the title to the property to the defendant, or destroy plaintiff's right to subject the same to the payment of his debt. Van Velzer v. Stryker, 188 S. W. 723, and cases therein cited. The defendant and the sureties received the benefit of the property found and subjected to the debt, but that would not release the remainder of the judgment against the sureties.

The same facts pleaded which show that the exception urging res adjudicata is good

show that the petition is subject to general demurrer. It is therefore impossible to separate the two questions, and we will not attempt to do so.

The judgment is affirmed.