## QUIG et al. v. MUTUAL INV. CORPORATION.

### No. 8638.

Court of Civil Appeals of Texas. San Antonio. June 17, 1931.

Rehearing Denied July 15, 1931.

Hertzberg & Kercheville, of San Antonio, for appellants.

Saunders, Saunders & Whipple and A. H. Lumpkin, all of San Antonio, for appellee.

FLY, C. J.

This is a suit on a promissory note for $1,578.16, secured by a lien on a certain automobile. The cause was tried by the court without a jury, and judgment was rendered against Quig and his sureties on a certain replevy bond for $1,420.78, and the lien was foreclosed on the automobile.

There is no statement of facts, and the sole complaint is against the judgment rendered against E. M. Hays and Stephen Bettley, as sureties, on the ground that a judgment cannot be legally rendered against sureties on a replevin bond when a lien is foreclosed on the replevied property. This is contended to be based on article 6852, Revised Statutes.

The judgment rendered by the trial judge as to the sureties is as follows:

"It further appearing to the court that on or about the 30th day of April, 1930, plaintiff filed this suit and sequestrated said automobile, and that the defendant replevied same within the time and in the manner required by law, furnishing a replevy bond in the sum of Two Thousand Dollars ($2,000.00), executed by the defendant, as principal, and E. M. Hays and Stephen Bettley, as sureties, and it further appearing to the court that at the time of said replevy said automobile was of the reasonable market value of Fifteen Hundred Dollars, and that Six Hundred Fifty Dollars is its reasonable market value at the present time.

"It is therefore considered, ordered, adjudged and decreed by the court that the plaintiff, Mutual Investment Corporation, do have and recover of and from the defendant, C. L. Quig, and his said sureties, E. M. Hays and Stephen Bettley, the sum of Fourteen Hundred Twenty and 78/100 Dollars, with interest thereon at the rate of six per cent. per annum, and in event said property heretofore described is surrendered and delivered into the hands of the Sheriff of Bexar County, Texas, within ten days from the date hereof in the condition same was in at the time of the trial, then the judgment here in rendered against said sureties shall be reduced in the sum of Six Hundred Fifty Dollars, herein found to be the present value of said mortgaged property, and the balance, viz., Seven Hundred Seventy and 78/100 Dollars ($770.-78) shall be collected as against said sureties, as in ordinary cases under execution."

The replevy bond, as required by article 6850, was conditioned as follows: "The condition of the bond shall be that the defendant will not remove the same out of the county, or that he will not waste, illtreat, injure, destroy or sell or dispose of the same, according to the plaintiff's affidavit, and that he will have such property, with the value of the fruits, hire or revenue thereof, forthcoming to abide the decision of the court, or that he will pay the value thereof and of the fruits, hire or revenue of the same in case he shall be condemned so to do."

It would be manifestly unjust to render judgment against the sureties for the balance of the debt when the property has been foreclosed upon and taken possession of by the plaintiff. The property in the present case had been returned by the sureties, at least it was in the possession of appellee, and the sureties had fully complied with all conditions of their bond. We conclude that no judgment under the circumstances should have been rendered against the sureties on the replevy bond. This view is fully sustained by Riggle v. Automobile Finance Co. (Tex. Civ. App.) 276 S. W. 439.

The judgment will be affirmed as against Quig and as to the foreclosure of the mortgage lien, but will be reversed as to the sureties, and judgment is here rendered that appellee take nothing as to the sureties and that they recover all costs by them incurred from appellee.

Affirmed in part; reversed and rendered in part.