## LASETER et al. v. HYDE.

### No. 7873.

Court of Civil Appeals of Texas. Austin.
Nov. 1, 1933.

Hamilton, Fitzgerald & Grundy, of Memphis, for plaintiffs in error.

W. A. Morrison, of Cameron, for defendant in error.

McCLENDON, Chief Justice.

Appellants (plaintiffs in error) were sureties upon a sequestration replevy·bond in a suit by Hyde against Laseter, upon a promissory note, and to foreclose a chattel mortgage upon a Ford truck. Laseter defaulted and judgment was rendered against him and his sureties for $382.60, the amount of principal, interest, and attorney's fees due on the note. The only question which the appeal presents is the validity of the judgment as to the sureties.

■ The truck was replevied on October 31, 1931; and judgment was rendered on December 14, 1931. It recites that the truck at the date it was replevied "is found then to have been of the value of $400.00"; and "it further appearing to the court that on or about the 2nd day of December, 1931, one C. A. Smith, purporting to act for said E. H. Laseter, delivered said truck to George F. Childress, for the plaintiff in this behalf, who accepted the same, but not in satisfaction of said indebtedness or in discharge of said replevy bond, because of its damaged condition, and that said truck is now in Milam County, Texas."

It is contended by appellee that this recitation does not show that Childress was the authorized agent of appellee in accepting possession of the truck. We are unable to concur in this contention. If this is not the import of the recital, it clearly has no purpose in the judgment.

■■ Where the owner of mortgaged property which is sequestered in a suit to foreclose the mortgage debt, replevies it, the obligation of the sureties extends only to see that the property is properly taken care of and is forthcoming "to abide the decision of the court." Article 6850, R. C. S. The value of the property at the date of the trial (plus any recoverable damages to it since its replevy) is the full measure of the sureties' liability upon the replevy bond. Watts v. Overstreet, 78 Tex. 571, 14 S. W. 704; Norwood v. Bank, 92 Tex. 268, 48 S. W. 3.

■ The latter case (opinion by Judge Brown) draws a distinction between liability of the plaintiff and his sureties for wrongful seizure of defendant's property under a sequestration or attachment bond, and that of defendant's sureties upon a replevy bond in a mortgage foreclosure suit. The reason for the distinction, as there pointed out, is that in the former case the wrong committed is the seizure of defendant's property under the writ; hence the value of the property at that time, plus legal interest from that date, is the proper measure of compensatory damages; whereas, in the latter the obligation is merely to insure subjection of the property to judicial process in satisfaction of a judgment thereafter to be rendered. The plaintiff is · entitled to have the property so subjected, or to be indemnified therefor. The sureties may relieve themselves from liability by surrendering the property, regardless of whether its value has enhanced or depreciated, unless some injury has been done to the property, in which event the sureties are liable therefor. R. C. S. art. 6853.

A judgment against the sureties predicated upon the value of the property at the time of the replevy is therefore erroneous.

■ A judgment against the sureties is also erroneous if it does not provide for their discharge upon delivery of the property in accordance with article 6853. Riggle v. Automobile F. Co. (Tex. Civ. App.) 276 S. W. 439; Ingram v. Brown & McFarland (Tex. Civ. App.) 173 S. W. 524.

Since the property had been turned over to the plaintiff prior to the trial, the obligation of the sureties had been discharged, except as to their liability for damages. Quig v. M. I. Corp. (Tex. Civ. App.) 40 S.W.(2d) 934. This decision was reversed in Mutual Inv. Corp. v. Hays (Tex. Com. App.) 59 S.W. (2d) 97 (below), but upon the holding: "We fail to find anything in the record justifying the finding made by the honorable Court of Civil Appeals that the automobile had been returned by the sureties to the plaintiff in error." (Tex. Com. App.) 59 S.W.(2d) 97, 98.

Upon another trial the question may be presented whether damages due ᵗo depreciation in value by reason or ordinary use of the property while it was replevied is recoverable. This question appears to be of first impression in this state. It was raised in the Hays Case above, but was not decided. Since article 6858 expressly provides that the replevying defendant in a suit to foreclose a mortgage "shall not be required to account for the fruits, hire, revenue or rent of the same," it was clearly contemplated, we think, that the liability of the sureties for damages to the property should be limited to those which arise other than from the ordinary use of the property for the purposes for which it was designed. The condition of the bond (article 6850, R. C. S.) is that the defendant "will not· waste, ill-treat, injure, destroy or sell or dispose of the same, * * * and that he ·will have such property * * * forthcoming to abide the decision of the court, or that he will pay the value thereof * * * in case he shall be condemned so to do." We have omitted from this· quotation the provisions with reference to the fruits, etc., for the· reason that this is eliminated by article 6858. This language does not purport to cover depreciation from ordinary use. In those cases in which the liability is also for the value of the use, etc., of personal property, such damages .would compensate for depreciation by reason of the use. To permit recovery for the value of the use of personal property and also for depreciation ordinarily incident to such use, would be allowing a double recovery.

Webb-North M. Co. v. Ross (Tex. Civ. App.) 42 S.W.(2d) 1086 (error dis.).

By parity of reasoning it would seem to follow that where use is contemplated and there is an express denial of the right of recovery for the value of such use, the incidental ordinary depreciation would likewise not be recoverable.

The trial court's judgment in so far as it is against the sureties on the replevy bond is reversed and the cause upon that issue is remanded for further trial in accordance with this opinion.