AMERICAN MORTGAGE CORPORATION V. GUSSIE SAMUELL ET AL.

No. 6890. Decided July 21, 1937.
(108 S. W., 2d Series, 193.)

*Worsham, Rollins, Burford, Ryburn & Hincks,* and *Logan Ford,* all of Dallas, for plaintiff in error.

Where personal property has been sequestrated in suit to foreclose a chattel mortgage, and defendant has replevied the property, the obligors on the replevy bond may relieve themselves of liability by delivering the property to the sheriff or constable of the court in which such judgment is rendered within ten days after its rendition. Failing to so deliver said property within the required time, and property is seized and sold under an order of sale, the obligors are liable for the deficiency remaining after crediting the sale price on the judgment rendered against them. This provision of the statute requiring delivery within ten days is mandatory, as "may" is always construed as

mandatory, and not permissive, when it is necessary to do so to sustain or enforce a right. Morgan v. Coleman, 204 S. W. 670; Mutual Investment Corp. v. Hays, 59 S. W. (2d) 97; Smalley v. Paine, 102 Texas 304, 116 S. W. 38; Mingus v. Wadley, 115 Texas 551, 285 S. W. 1084; 2 Lewis Sutherland Stat. Const., (2d ed.) Sec. 491.

*Critz & Woodward,* of Coleman, for defendants in error.

Article 6853, R. S. 1925, has no reference or application to a case like the one at bar where the suit is not for specific property, and where no judgment was rendered for debt with foreclosure of a lien upon personal property. O'Banion, Sheriff, v. Weaver, 62 S. W. (2d) 212; Richey v. Stanley, 38 S. W. (2d) 1104; Pipkin v. Tinch, 97 S. W. 1077.

MR. JUSTICE SHARP delivered the opinion of the Court.

We quote from the opinion of the Court of Civil Appeals rendered in this case the following statement:

"The American Mortgage Corporation sued Mr. and Mrs. Howard Samuell, residents of Coleman County, Texas, on a promissory note, and to foreclose the lien of a chattel mortgage on a Packard automobile and a platinum diamond ring. Plaintiff caused the property to be seized under a writ of sequestration, issued to Coleman County, and same was replevied by defendants, with D. L. Snodgrass, W. D. Allen, and J. V. Thames as sureties.

"The case was tried without a jury, resulting in a personal judgment against Mr. Samuell, for $1,183.16, and foreclosure as to both Mr. and Mrs. Samuell, of the mortgage lien on the property. After mentioning the execution of the replevy bond and stating the reasonable market value of the property to be $1,-500, at the time it was replevied, the judgment proceeds as follows: 'It is therefore ordered, adjudged and decreed that, if within ten days after the rendition of this judgment, the above described automobile and ring are not delivered, undamaged and uninjured since said replevy, to the proper officer as required by law, or if the same can not be found, plaintiff, American Mortgage Corporation, do have and recover of the defendants, Howard Samuell and wife, Mrs. Howard Samuell, and the sureties on their bond, D. L. Snodgrass, W. D. Allen and J. V. Thames, jointly and severally, the sum of $1,183.16, with interest thereon from this date at the rate of ten per cent. per annum, and said sum, if and when paid, shall be a credit upon the judgment herein rendered against the defendant, How-

ard Samuell, for all of which plaintiff may have its execution. And if the proceeds of the sale of said automobile and diamond ring, hereinabove described, under the order of sale are insufficient to pay the same, it is ordered, adjudged and decreed that execution issue to the proper officer, commanding him to make the balance of the sum of $1,183.16, with interest thereon at the rate of ten per cent. per annum, from this date, out of the defendant Howard Samuell and the sureties, D. L. Snodgrass, W. D. Allen and J. V. Thames, as in the case of ordinary execution, it being the intention of the parties, as well as of the court, not to provide for double recovery herein.'

\* \* \*

"The excerpt from the judgment herein set out shows that the court prescribed, as a condition precedent to the right of discharge from the judgment on the replevy bond, that within ten days after the judgment the defendant deliver to the proper officer the replevied property free of injury and damage occurring after the same was replevied.

\* \* \*

"We are of the opinion that the judgment against the obligors on the replevy bond is erroneous, and, in lieu thereof, will render such judgment as we think the court below should have rendered; i. e., against the obligors on the replevy bond, principals and sureties, jointly and severally, as authorized by Article 6852, R. S., for the sum of $1,500, the value of the replevied property as ascertained by the court below. The costs incident to the appeal in this and in the court below are adjudged and will be taxed against appellee. \* \* \*

"The record discloses that, before this appeal was perfected, the sheriff of Coleman County seized and sold the replevied property, under an order of sale, and credited the proceeds arising therefrom, less certain costs, on the judgment, and paid same to the plaintiff. These matters, constituting no part of the proceedings resulting in the judgment appealed from, were not considered by us in reaching our conclusions, but, as they foreshadow questions that doubtless will arise, we do not deem it inappropriate to reiterate at this point views heretofore expressed—i. e., if, as indicated, defendants neither sold, disposed of, nor removed the replevied property out of the county, but had the same forthcoming to abide the decision of the court, i. e., accessible and subject to seizure and sale by the sheriff under process issued on the judgment (except as to the liability for damages, if any, properly ascertained and paid)—would, in our opinion, fully comply with the obligations of the replevy

bond and constitute a complete satisfaction of the judgment rendered thereon."

The Court of Civil Appeals reformed and affirmed the judgment of the trial court. 78 S. W. (2d) 1036. A writ of error was granted on application of plaintiff in error. No appeal was made by defendants in error from the judgment of the Court of Civil Appeals.

This case involves the construction of Article 6840 et seq. of the Revised Civil Statutes relating to sequestration proceedings. The Legislature in enacting the foregoing articles of the statute had certain objects in view, among which were the following:

1. To hold property in custody during the pendency of divorce proceedings by a married woman.

2. When a person sues for title to or possession of real or personal property, same may be sequestered and held in custody, unless replevied.

3. When a person sues for the foreclosure of a mortgage, or the enforcement of a lien upon personal or real property, such person may resort to such statutes for the purpose of preserving and protecting such property until the determination of the suit.

Since this suit was for the foreclosure of a chattel mortgage lien on personal property, we are concerned only with the application of the statute to such a suit.

Plaintiff in error contends that Article 6853 governs this case. Said article provides that within ten days after the rendition of the judgment the defendant may deliver up to the sheriff or constable of the court in which the judgment was rendered, the property, or any part thereof, and that such officer shall receipt therefor and deliver the property to the plaintiff. Defendants in error contend that the provisions of the foregoing article have no application to a case like the present one, where the suit is not for specific property, and where no judgment was rendered for specific property, but judgment was rendered for a debt with foreclosure of a lien upon personal property.

The foregoing articles of the statute have been many times construed by the courts of this State, and the decisions of the courts are not uniform in such constructions. In construing the articles some difficulty has been encountered in applying the rules prescribed therein. Sequestration proceedings are summary in their nature, and a strict compliance with the statute is required. An application for a writ of sequestration must be

supported by an affidavit. The property to be sequestered must be clearly described, giving the value of such property and the county in which same is situated. (Article 6841.) In addition thereto a bond, for a sum not less than double the value of the property to be sequestered, must be executed, with two or more sureties. (Article 6843.) The writ shall contain certain requisites. (Article 6845.) The duty of the officer executing the writ of sequestration is described in detail. (Article 6846.) Article 6849 states in what way the defendant may replevy the property. Article 6850 describes the conditions of the bond executed for personal property. Article 6852 provides for the bond required in Articles 6849, 6850, and 6851, and reads: "The bond provided for in the three preceding articles shall be returned with the writ to the court from whence the writ issues. In case the suit is decided against the defendant, final judgment shall be entered against all the obligors in such bond, jointly and severally, for the value of the property replevied, and the value of the fruits, hire, revenue or rent thereof as the case may be; and the value of the property replevied shall be proven either as of the time of the execution of the replevy bond or as of the time of the trial, as the plaintiff may elect."

Article 6853 reads as follows: "Within ten days after the rendition of the judgment provided for in the preceding article, the defendant may deliver to the sheriff or constable of the court in which such judgment is rendered, the property or any part thereof, which the defendant has bound himself to have forthcoming to abide the decision of the court, and which property has not been injured or damaged since the replevy. Such officer shall receipt the defendant therefor, and shall immediately deliver such property to the plaintiff. Upon filing such receipt with the papers in the cause, the defendant shall be credited by the clerk or justice of the peace upon such judgment with the value of the property returned."

Article 6854 reads as follows: "If the property tendered back by the defendant has been injured or damaged while in his possession under such bond, the sheriff or constable to whom the same is tendered shall not receive the same, unless the defendant at the same time tenders the reasonable amount of such injury or damage, to be judged of by such officer."

Article 6858 reads as follows: "In suits for the enforcement of a mortgage or lien upon property, the defendant, should he replevy the property, shall not be required to account for the fruits, hire, revenue or rent of the same, but this exemption shall not apply to the plaintiff in case he shall replevy the property."

■ That part of Article 6854 authorizing the sheriff or constable to determine the amount of damages to the property replevied has been nullified, because it undertakes to confer upon such officer judicial power, and it has been held that such power can not be conferred upon such an officer. Morgan v. Coleman, (Tex. Civ. App.) 204 S. W. 670; Dupree v. State, 102 Texas 455, 119 S. W. 301. The amount of damages to the property between the date of the execution of the replevy bond and the date same is delivered to the officer, to be disposed of under the judgment entered, may be determined by agreement of the parties or by judicial ascertainment.

Plaintiff filed this suit in the district court of Dallas County on a promissory note, and sought to foreclose a chattel mortgage lien on personal property situated in Coleman County, which was in the legal custody and possession of the defendants. Judgment was rendered in favor of the plaintiff for $1,183.16 and for a foreclosure of its lien on a diamond ring and an automobile.

■ When a plaintiff, by virtue of subdivision 2 of Article 6840, sues for the title to and possession of certain personal property, he may sue out a writ of sequestration in order to hold and protect such property to abide the decision of the court as to plaintiff's right and title to the possession of such property. If plaintiff wins, the judgment will award him the title to and possession of such property, and "final judgment shall be entered against all the obligors in such bond, jointly and severally, for the value of the property replevied, and the value of the fruits, hire, revenue or rent thereof as the case may be; * * *." The judgment will also provide that within ten days after the rendition of the judgment the defendant may deliver up to the sheriff or constable of the court in which the judgment is rendered, the property or any part thereof, which the defendant has bound himself to have forthcoming to abide the decision of the court, and which has not been injured or damaged since the replevy thereof, and that such officer shall receipt therefor and deliver the property to the plaintiff. No serious difficulty arises in applying the provisions of Article 6853 to such a suit just described. But a more serious difficulty arises when suit is brought by a plaintiff, as was done here, for a foreclosure of a chattel mortgage lien on personal property by virtue of subdivision 3 of Article 6840. Under this section the plaintiff, as mortgagee, is asserting right to foreclose a lien, and not to recover title to or possession of the personal property. By replevying the property which had been sequestered, defendants retained the legal custody and possession of the property during the pendency of the suit, and plaintiff had no right to disturb

such possession. If the provisions of Article 6853 should be applied as contended for by plaintiff in error, it is quite obvious that the result would be that it would give the mortgagee, or plaintiff in error, certain rights to which it is not entitled. In a suit of this character plaintiff is not entitled to have the property turned over to him until it is sold and he becomes the purchaser thereof.

■ Therefore it is clear that Articles 6852 and 6853, providing that where a defendant replevies property sequestered, judgment may be rendered against the defendant and his sureties on the bond for the value of the property, or requiring the property to be delivered to plaintiff, do not apply where property is sequestered in a suit for the foreclosure of a mortgage lien on personal property, as in this case; especially do we think so in view of the rule that if plaintiff recovers judgment for debt and foreclosure, the property is to be sold to satisfy the judgment, and that in such case the sequestered property need only be delivered to the sheriff or constable to be sold to satisfy the lien. Any other construction would be both unsound and unjust. Suppose plaintiff held a note for $1,000, secured by a lien on property valued at many times that amount, and suit was filed on such note for foreclosure of the lien; would he be entitled to a judgment decreeing that such property be delivered to him? We think not.

By the express provisions of Article 6858 it is provided that in suits for the enforcement of a lien upon property, the defendant, should he replevy the property, shall not be required to account for the fruits, hire, revenue, or rent of same; but such exemptions shall not apply to the plaintiff in case he should replevy the property. This statute protects the owner or mortgagor against liability for such fruits, etc., until the property is sold under foreclosure proceedings. But such rule does not protect a person who is not in privity with him. Fawcett v. Mayfield, 183 S. W. 111. The specific provision of Article 6858 controls the general provision in Article 6852. When the two articles are construed together, judgment against the sureties on the replevy bond of the defendant, given in a suit to foreclose a lien, may be rendered only for the value of the property replevied, unless such property has been injured or damaged after its replevy, but the amount of their liability expressed in such judgment shall not exceed the amount of the judgment rendered against the principal debtor.

■ In a suit where the mortgagee seeks to foreclose his lien on personal property and sues out a writ of sequestration, and

the defendant or owner of the mortgaged property replevies it, the obligation of the sureties on the bond extends only to see that the property is properly taken care of and that such property shall be "forthcoming to abide the decision of the court." (Article 6850.) Article 6852 provides that "the value of the property replevied shall be proven either as of the time of the execution of the replevy bond or as of the time of the trial, as the plaintiff may elect." If the property has been returned, or is "forthcoming to abide the decision of the court," the judgment should be against the obligors in the bond for the difference, if any, for the damages the property has sustained after the replevy thereof. In this connection, we think that where property is replevied by the defendant in a suit for the foreclosure of a mortgage lien thereon, as contradistinguished from a suit for the title and possession of the property itself, mere depreciation of the market value of the property replevied is not chargeable against the replevy bond. This must be true, because in such instances the plaintiff suffers no damages.

In the present judgment it is required that said property shall be delivered "undamaged and uninjured." This is erroneous, because the bondsmen would have the right to deliver the property, or have it accessible for levy, notwithstanding it may have been damaged or injured, by paying such damage said property has sustained.

It is difficult to prescribe a definite rule for every necessity that might arise under the provisions of a statute of this kind. Writs of sequestration are authorized in many dissimilar instances. This statute should be given such construction as will carry out the purposes for which it was enacted. The facts of this case furnish a striking example of the difficulty of construing the statute. The suit was filed in Dallas County, and the property was situated in Coleman County. As shown by the opinion of the Court of Civil Appeals, the sheriff of Coleman County seized and sold the replevied property under an order of sale, and after deducting certain costs applied the proceeds arising from the sale to the judgment, which were paid to the plaintiff.

Article 6853 provides that "within ten days after the rendition of the judgment * * * the defendant may deliver to the sheriff or constable of the court in which such judgment is rendered," under certain conditions, the property replevied by him, "and such officer shall * * * immediately deliver such property to the plaintiff."

■ In many cases the word "may" has been construed to mean "shall." The rule is governed by the intention expressed in the

statute, and many cases can be cited holding "may" should not be construed to mean "shall." For a discussion and construction of the rule see: 5 Words and Phrases, First Series, 4418, and authorities cited; San Angelo Nat. Bank v. Fitzpatrick, 88 Texas 213, 216, 30 S. W. 1053, 1054; Holcomb v. Williams, (Tex. Civ. App.) 194 S. W. 631, 632; Mitchell v. Hancock, (Tex. Civ. App.) 196 S. W. 694, 700.

· Judge GAINES, in San Angelo Nat. Bank v. Fitzpatrick, supra, speaking for the Supreme Court, said:

"We are aware that the word 'may' is sometimes construed as if it were 'shall,' but it is not to be denied that in its primary and ordinary signification it is a word of permission, and not a word of command. Before treating it as a word of command, there should be something either in the subject-matter or the context to indicate an intention that it was employed in that sense."

When the purpose of this statute is ascertained, we do not think the Legislature intended the word "may" to mean "shall." If the word "may" is given that construction, then the mortgagee would acquire the right of possession of the mortgaged property prior to the sale under foreclosure proceedings.

■ We think the sound rule, and one that has been established by the decisions of this State, to be that where a plaintiff sues to foreclose a lien as in this case, and sues out a writ of sequestration in order to preserve and protect the property subject to the lien, and the defendant executes a replevy bond, the judgment should be so framed as to fully protect the rights of all parties concerned. And where a judgment awards to the plaintiff the full amount of his debt against the defendant primarily liable, and in addition thereto awards judgment against the obligors upon the replevy bond for the value of the personal property replevied, as properly ascertained, with the right of said obligors to deliver to the sheriff or constable all or any portion thereof, and. thereby relieve themselves from liability by paying what damages said property so delivered has sustained since the replevy thereof; and where the judgment also provides that such bondsmen shall be liable for the value of all such property they fail to return to the officer, said amount of their liability in no event to exceed the amount of the judgment rendered in favor of the plaintiff against the principal debtor,— such a judgment would fully protect the obligors in the bond. Furthermore, if the principal in the replevy bond is the original debtor, the judgment should not release him from liability for the full amount of the debt; and as between him and the plain-

tiff, the lien should be foreclosed upon the property returned, and only the net proceeds of the foreclosure sale credited upon plaintiff's judgment against him. Thorndale Mercantile Co. et al. v. Continental Gin Co., (Tex. Civ. App., writ refused) 217 S. W. 1059. See, also, the following decisions: Mutual Inv. Corp. v. Hays, (Com. App.) 59 S. W. (2d) 97; Baum et al. v. Dunbar et al., 90 S. W. (2d) 643; Riggle v. Automobile Finance Co., 276 S. W. 439; Morgan v. Coleman, 204 S. W. 670; Norwood v. Interstate Nat. Bank, 92 Texas 268, 48 S. W. 3; Ingram v. Brown, 173 S. W. 524; Laseter v. Hyde, 65 S. W. (2d) 388; Quig v. Mutual Inv. Corp., 40 S. W. (2d) 934; Watts v. Overstreet, 78 Texas 571, 14 S. W. 704; Karr v. Brooks, (Tex. Civ. App.) 50 S. W. (2d) 1103; Linn Bros. Motor Co. v. Williams, (Tex. Civ. App.) 293 S. W. 658.

■ In a case of this kind, what right has the owner or mortgagor to the use of the property after same has been sequestered and replevied by the mortgagor? The main object of the statute is to authorize parties to have a writ of sequestration issued in order to preserve and protect the value of the property during the pendency of the suit. If no replevy bond is executed, the officer executing the writ retains possession of the property. The statute, however, authorizes the defendant to replevy same and keep it in his possession until disposed of by the court. If the owner of the property encumbered by the lien breaches his contract, or so acts as to compel the lien holder, in his own protection, to sequester it, he should certainly not be permitted to use such property, during the time it is replevied by him, in such a way as would depreciate the value of the property and impair the rights of the lien holder. Bumpas v. Morrison, 70 Texas 756, 8 S. W. 596.

For the reasons herein stated, the judgment of the Court of Civil Appeals is affirmed.

Opinion delivered July 21, 1937.