

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

Honorable A. E. Sutton
County Auditor
Anderson County
Palestine, Texas

Dear Sir:                    Opinion No. 0-3938
                             Re: Taxability of oil and gas
                                 lease, lessee having execut-
                                 ed gas purchase contract.

        This will acknowledge your letter of August 29, 1941,
(enclosing copy of gas purchase contract) requesting the opinion
of this department as follows:

        "Attached hereto is a gas purchase contract
    executed by Gaskill Oil Corporation, Anco Gas Cor-
    poration and W. V. Keeling, et ux. You will note
    from the contents of this contract that Anco Gas
    Corporation agrees to purchase a certain amount of
    gas from Gaskill Oil Corporation and pay Gaskill
    Oil Corporation 50 per cent of the gross proceeds
    derived from the sale of the condensate or the pro-
    duct made by the processing of the gas. In a sup-
    plemental agreement between Gaskill Oil Corpora-
    tion and W. V. Keeling, et ux., W. V. Keeling et
    ux. agrees to accept one-eighth of the net proceeds
    that Gaskill Oil Corporation receives from the
    lease.

        "Anco Gas Corporation contends that they own
    no minerals in place under the lease and can be tax-
    ed only for the recycling plant. Gaskill Oil Cor-
    poration contends that they own only 1/2 of the
    seven-eighths contracted for under the terms of
    the lease with W. V. Keeling et ux. and that Anco
    Gas Corporation owns the other 1/2 of the seven-
    eighths or seven-sixteenths. The Commissioners'
    Court desires to know to whom the 1/2 of the value
    of this lease should be charged, since no one ad-
    mits liability for the 1/2 that it is costing to

Honorable A. E. Sutton, page 2

get the gas processed, and no doubt under the terms
of the attached contract the Anco Gas Corporation
attempted to draw it in such a manner that it would
not be chargeable to them."

We understand that the facts are substantially as fol-
lows: The Gaskill Oil Corporation, as lessee, has a valid and
subsisting oil and gas lease to a tract of land in Anderson County,
Texas. The lessors, W. V. Keeling and wife, have retained the
usual 1/8th mineral interest and lessee has a 7/8ths interest.
Lessee, Gaskill Oil Corporation, has one well on the land which
produces gas-distillate. This lessee has entered into a contract
with a recycling plant, Anco Gas Corporation, to sell to the plant
a certain portion of gas produced, payment to be made from 1/2 of
the gross proceeds derived from sale by the plant of the conden-
sate and other products of the gas. The seller-lessee has reserv-
ed the right to be paid in kind.

While you do not so state, we presume that you desire to
know whether or not interests in realty have been created by this
gas-purchase contract upon which ad valorem taxes may be collect-
ed from the buyer of the gas, the Anco Gas Corporation.

Article 7146 of the Revised Civil Statutes of 1925, pro-
vides:

"Real property for the purpose of taxation,
shall be construed to include the land itself, wheth-
er laid out in town lots or otherwise, and all build-
ings, structures and improvements, or other fixtures
of whatsoever kind thereon, and all the rights and
privileges belonging or in any wise appertaining
thereto, and all mines, minerals, quarries and fos-
sils in and under the same."

The law is now firmly settled in Texas that either the
grant or reservation of what is commonly referred to as an "oil
payment" is an interest in realty subject to ad valorem taxation.
Sheffield v. Hogg, 124 Tex. 290, 77 S. W. (2d) 1021, 80 S.W. (2d)
741; Tennant v. Dunn, 130 Tex. 285, 110 S. W. (2d) 53; State v.
Quintana Petroleum Co., (Sup. Ct.) 133 S.W. (2d) 112.

We have been able to find no cases passing upon the pur-
chase and sale of gas-distillate. Is such a sale similar to a re-
servation or assignment of an "oil payment"?

Honorable A. E. Sutton, page 3

The proper construction of mineral instruments as with any other contract or deed depends upon the intent of the parties to be gathered by looking at the instrument from its four corners. Thuss, Texas Law of Oil and Gas (2nd Ed.), page 34. 'The inquiry in all cases is, is there a grant or reservation of the minerals in place? Looking at the instrument in question we do not believe it to be the intent of the Gaskill Oil Corporation to convey any interest in the gas in place under the lease. Title to the gas does not pass until received by the buyer at the delivery place. Nowhere in the contract can we discover an intent to convey gas or minerals in place. Indeed, if some such intent could be discovered the most pertinent inquiry would be, how much? for the contract is expressly made subject to a prior gas purchase contract by and between the Gaskill Oil Corporation and the Lone Star Gas Company.'

It is therefore our opinion and you are advised that the gas purchase contract you have submitted creates no real property interests, and insofar as realty ad valorem taxation is concerned, the value of the leasehold should be determined and taxes levied just as before the instrument was executed - the Gaskill Oil Corporation owning a 7/8ths interest and the lessors a 1/8th interest.

We do not understand your inquiry to relate to personal property taxation and express no opinion thereon.

Yours very truly

APPROVED OCT 20, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

ATTORNEY GENERAL OF TEXAS

By

Jas. D. Smullen
Assistant

JDS:db

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN