COMMERCIAL SECURITIES C *)*. v. THOMPSON.

No. 15219.

Court of Civil Appeals of Texas. Fort Worth.

May 11, 1951.

---

W. L. Bass, of Wichita Falls, Williams, Jeter & Dobyns, of Houston, for appellant.

Walter Nelson, Jr., of Wichita Falls, for appellee.

McDONALD, Chief Justice.

On March 30, 1951, we entered judgment reversing the judgment of the trial court, and rendering judgment that appellee take nothing. After further study of the case, we have come to the conclusion that we were in error in so doing, and that we should withdraw our original opinion and substitute the following as our opinion in the case.

In 1949 Commercial Securities Company, appellant in the case now before us, filed suit in a district court in Harris County against A. R. Thompson and Ruby Thompson, seeking judgment on a note and foreclosure of a chattel mortgage lien on an automobile and other personal property. A writ of sequestration was issued, and the defendants replevied the property. W. E. Thompson, appellee in the cause now before us, was one of the sureties on the replevy bond.

On December 21, 1949, judgment was rendered in the Harris County suit. The judgment, which was introduced in evidence in the cause now before us, recites that "the defendants, A. R. Thompson and Ruby Thompson, and the sureties on the defendants' replevy bond, W. E. Thompson and Clyde Austin, announced in open Court that judgment should be entered for the plaintiff." The judgment decrees that Commercial Securities Company recover "of and from A. R. Thompson and Ruby Thompson, as principals, and of and from W. E. Thompson and Clyde Austin, as sureties," the sum of $1496.96, plus an additional sum of $224.53 as attorney's fee. The judgment decrees a foreclosure of the chattel mortgage lien on the above property, and also provides: "An order of sale shall issue hereon to the Sheriff or any Constable of any County of the State of Texas where such property may be found, directing him to seize and sell the same as under execution. The proceeds arising from such sale shall be first applied to the satisfaction of this judgment and costs; and any balance above this shall be turned over to the defendant. If the property cannot be had, or if the proceeds of such sale shall be insufficient to satisfy this judgment and costs, then the officer executing such writ shall make the unpaid balance out of A. R. Thompson and Ruby Thompson, thereafter out of W. E. Thompson and Clyde Austin."

None of the parties named in the judgment excepted to the judgment or appealed from it.

Thereafter the property covered by the mortgage was delivered to a constable, who sold it under order of sale for the sum of $525, and the judgment was credited accordingly. Thereafter Commercial Securities Company caused to be filed in the office of the County Clerk of Wichita County an abstract of the judgment in said cause,

which showed a credit of $506 on the judgment.

The suit in which the present appeal is taken was filed in a district court in Wichita County by W. E. Thompson against Commercial Securities Company. Thompson's pleadings consist of a formal count in trespass to try title, relating to a described tract of land in Wichita County, and certain special allegations. The suit presented by the latter allegations is one to remove the cloud cast by the abstract of judgment on appellee's title to the Wichita County land, based on the theory that the mortgaged property was turned over to the constable as aforesaid, and that the delivery of such property to the constable constituted a full satisfaction of the judgment rendered against appellee as surety on the replevy bond. The suit is also for damages resulting from the cloud cast on the title by the abstract of judgment.

The adjudications in the judgment rendered in the Wichita County suit are: (1) The judgment in the Harris County suit was a valid and subsisting judgment but has been satisfied and discharged as to appellee Thompson. (2) The abstract of judgment is a cloud on the title to appellee's property, and by virtue thereof appellee has been damaged in the sum of $750. (3) Plaintiff's title is quieted and the cloud cast by the abstract of judgment is removed.

In 38 Texas Jurisprudence, pages 197 to 232 inclusive, will be found a general discussion of the status, rights and liabilities of those who sign a replevy bond, where a writ of sequestration has issued and the property has been replevied by the defendant. The procedure, so far as the case before us is concerned, is governed by Rules 701, 702, 704 and 705, Texas Rules of Civil Procedure. Rule 702 provides, among other things, that a condition of the replevy bond shall be that the defendant will have the property forthcoming "in the same condition as when it is replevied" to abide the decision of the court, or that he will pay the value thereof, "or the difference between its value at the time of replevy and the time of judgment", in case he shall be condemned to do so.

The two provisions of Rule 702 which are set out in quotation marks are in addition to the language of Art. 6850, which was superseded by Rule 702. Rule 704 provides, among other things, that in case the suit is decided against the defendant final judgment shall be entered against all the obligors in such bond jointly and severally for the value of the property replevied, "as of the date of the execution of the replevy bond". The quoted provision of Rule 704 was not contained in Article 6852, which Rule 704 superseded.

The trial court in the Wichita County suit found, after a non-jury trial, that the replevied property was delivered undamaged and uninjured to the constable who executed the order of sale, and found that there was no damage to the property between the date of replevy and the date of the constable's sale other than depreciation. The trial court also found, however, that the property depreciated in market value $600 between the date of replevy and the date of the constable's sale.

Relying largely on the opinion in American Mortgage Corporation v. Samuell, 130 Tex. 107, 108 S.W.2d 193, appellee contends that the delivery of the property to the constable, as found by the court in the Wichita County suit, must be treated as a full satisfaction of the judgment rendered against the sureties in the Harris County suit.

Under the Samuell case, supra, and other cases which could be cited, the judgment rendered in a suit to foreclose a mortgage lien on personal property, where writ of sequestration has issued and the property has been replevied, ought to fix the rights and liabilities of the sureties on the replevy bond, and in a number of cases judgments have been reversed, on appeal by the sureties, because there was not a proper adjudication of the rights and liabilities of the sureties. For example, see Reliable Iron Works v. First State Bank and Trust Company, Tex.Civ.App., 241 S.W. 592; Johnson v. Whitaker, Tex.Civ.App., 60 S.W.2d 848. In Scott v. G. W. Waldrop and Company, Tex.Civ.App., 8 S.W.2d 552, writ refused, it is declared that the right to tender the replevied property to the officer

within ten days after judgment as a credit thereon is a right conferred by the statutes, and is not required to be inserted in the judgment itself. It would seem from the language of the decisions that the court in which the original suit is filed may, before judgment, determine fully the rights and liabilities of the sureties on the replevy bond and may determine the amount of judgment, if any, which should be rendered against the sureties for any damage done to the property, or loss of value, but it also appears that under some circumstances the question of whether the sureties' liability has been fully or partially satisfied by a return of the property may be litigated in a subsequent suit. See Laseter v. Hyde, Tex.Civ.App., 65 S.W.2d 388; and the Samuell case, supra.

We overrule appellant's contention, made under its first point of error, that the Wichita County suit is a collateral attack on the Harris County judgment. The integrity of the court's action in Harris County is not questioned in the present suit, nor is there an effort here to change said judgment in any way. The purpose of the present suit is to show that the Harris County judgment has been discharged, as against appellee, by the happening of events subsequent to the time said judgment was rendered. Williams v. Croom, Tex.Civ. App., 215 S.W. 156.

The next question, raised under the second point of error, is whether or not the Harris County judgment was discharged, as against appellee, by delivery of the property to the officer. As has been said, the trial court in the present case found that the property was delivered to the officer undamaged and uninjured, but that the market value of the property depreciated in the amount of $600.00 between the date of replevy and the date of constable's sale. Under the holdings in the Samuell case, supra, the liability of sureties on the replevy bond was satisfied by delivery of the property within the required time, if the property had not been damaged or injured. Appellant argues that the question whether or not the property had been damaged or injured ought to have been litigated and the question determined at the time of judgment in the foreclosure case, or else the sureties should be given credit only for the amount realized from the foreclosure sale. Appellant's contention is thus stated in its brief: "Or shall the surety be allowed to prove anywhere and in any court at any time some other value and thereby claim as in the instant case a full satisfaction of the judgment against him? Such a holding will leave mortgagees in a state of dangerous confusion and uncertainty and will deprive them of valuable contract rights of having a public sale and of legal rights long recognized and relied on."

An answer to this argument is that the purpose of a replevy bond is to insure that the property will be forthcoming after judgment in the same condition as when replevied. It is held in the Samuell case that the bond does not, so to speak, guarantee against depreciation in market value of the property during pendency of the suit. At first we thought that changes in the Rules of Procedure above cited had brought about such a result, but we are now of the contrary view. Suppose, for example, a quantity of grain should be seized under a writ of sequestration, and then replevied. Suppose the grain should be kept in good condition, but decrease in market value due to market conditions. The sureties on the replevy bond would not be liable for the decrease in value, because, as pointed out in the Samuell case, the same loss in value would occur if the grain were not replevied. Whether replevied or not, the grain would sell for the same amount at Sheriff's sale.

It is also said in the Samuell case, however, that the defendant does not have the right to use the property in such way as to depreciate its value and thus impair the rights of the lienholder. The record before us strongly suggests that part of the depreciation in market value of the property in question was due to its use by the owner. If such was the case, it would have to be said that the property was not delivered to the officer in an undamaged condition, and that the judgment consequently was not discharged as to appellee. Viewing the record as a whole, we are inclined to think that the trial court did not

take into account the matter of damage done to the property due to its use by the original defendant during the time in question. If depreciation in value resulted from use of the property, it would follow that the delivery of it to the officer was not sufficient to discharge the sureties from liability on the judgment.

 If the land described in appellee's petition was his homestead, as found by the trial court, the abstract of judgment imposed no lien on it, and appellee was entitled to judgment removing any cloud cast on the title by it, but the judgment appealed from went further and decreed that the Harris County judgment had been fully discharged as against appellee.

 Appellee was awarded damages in the sum of $750.00 for wrongful filing of the abstract of judgment. If the Harris County judgment had not been discharged, there was no basis for a claim for damages for filing the abstract of it. Appellee's claim for damages is in its essence a suit for slander of title. "Malice is an essential ingredient of an action for slander of title or property, and must be shown to warrant a recovery." 27 Tex.Jur. 790. See also, Jarrett v. Ross, 139 Tex. 560, 164 S.W.2d 550. There was neither pleading nor proof of malice in the record before us.

To sum up our conclusions, appellee was entitled to bring the suit to remove cloud from the title to his land in Wichita County, and to recover either by showing that the property was his homestead, and not therefore subject to the abstract of judgment lien, or by showing that the Harris County judgment had been fully discharged as to him by a delivery of the replevied property to the officer within the required time, in the same condition it was in when replevied. His right to be discharged by delivery of the property would not be defeated by a mere decrease in market value of the property, but he would be liable for any decrease in value caused by use of the property after it was replevied, whether or not there was what might be termed any major damage to the property. Appellee was not entitled to recover damages for the alleged slander of title caused by filing the abstract of judgment in the absence of pleading and proof of malice on the part of the holder of the Harris County judgment.

Appellee's motion for rehearing is granted in part; our former judgment is set aside and our former opinion is withdrawn; the judgment of the trial court is reversed; and the cause is remanded for another trial.

Reversed and remanded, on motion for rehearing.