**ASSOCIATES INVESTMENT CO.**
**v. SOLTES et al.**
**No. 14536.**

Court of Civil Appeals of Texas.
Dallas.

June 27, 1952.

Rehearing Denied July 25, 1952.

Bonney, Paxton & Wade and Charles J. Winikates, all of Dallas, for appellant.

Henry Klepak, John P. Koons, E. E. Berwald and Max R. Rosenfield, all of Dallas, for appellees.

YOUNG, Justice.

The appeal is from an adverse judgment rendered in a suit against the sureties on defendant's replevy bond. The following is quoted from appellant's own statement of its case, in nature and result:

"Associates Investment Company had, in another action, brought suit against Homer Pierot on a note and for foreclosure of a lien upon an automobile which secured the note. The plaintiff, Associates Investment Company, sequestered the automobile and the defendant, Homer Pierot, filed a defendant's replevy bond. This replevy bond was signed by William Soltes, Elton D. Soltes, O. L. McMinn, and F. A. Holley, as Sureties. The action eventually resulted in a judgment being rendered in favor of Associates Investment Company against Homer Pierot on the note, and for foreclosure of the lien in favor of the Associates Investment Company against the automobile. Homer Pierot executed the defendant's replevy bond on the 12th day of February, A. D., 1949, and kept the car in his possession and used it until the date of judgment which was the 25th day of July, A. D., 1949. Associates Investment Company then brought this suit against the Sureties on the defendant's replevy bond for the amount of money that the car depreciated from the time it was replevied by the defendant until it was turned over to the plaintiff by the defendant on the judgment date. There was evidence by the plaintiff that during this time the automobile depreciated $900.00 to $1,000.00, and there was evidence by the defendants that the automobile depreciated $250.00. The trial court rendered judgment in favor of the defendant Sureties."

These further fact allegations are taken from the pleading of Associates Investment Company, mortgagee: That the subject of lien was a 1948 Model Tudor Style Master Chevrolet Sedan, the writ of sequestration issuing February 9, 1949, defendant Pierot replevying February 12, with value fixed by the Sheriff at $2,000, and bond furnished by appellees in double that amount; that plaintiff recovered judgment in said main suit on July 25, 1949 in the amount of $2,067.40 with decree of foreclosure; that the property was sold by the Sheriff November 21, 1949 for $625 which was the "highest secure bid for the same"; the suit being for $1,375, the alleged diminution in value as a result of defendant's use of the car following replevy. It is not disputed that the mortgagor, Pierot, returned the property within ten days from date of judgment pursuant to Art. 6853, Vernon's Ann.Civ.St., now Rule 705, Texas Rules of Civil Procedure.

Aside from claimed procedural errors, appellant's primary point reads as follows: "There was evidence introduced by the plaintiff that the automobile in question depreciated from $900.00 to $1,000.00 between the time that the automobile was replevied by the defendant and the time that judgment was rendered in favor of the plaintiff. There was evidence introduced by the defendant that the automobile in question depreciated $250.00 between the time that the automobile was replevied by the defendant and the time that the judgment was rendered in favor of the plaintiff. Under this evidence, it was error for the court not to render judgment in favor of the plaintiff." Appellant also embodies the foregoing point in the following contention: "The sole question in this whole lawsuit is whether the sureties on the defendant's replevy bond for personal property are liable for the difference between the value of the personal property at the time of the replevy and the time of judgment."

Appellant argues that its above point should be sustained under a proper construction of Rule 702, Texas Rules of Civil Procedure, which reads: "If the property to be replevied be personal property, the condition of the bond shall be that the defendant will not remove the same out of the county, or that he will not waste, illtreat, injure, destroy, or dispose of the same, according to the plaintiff's affidavit, and that he will have such property, *in the same condition as when it is replevied,* together with the value of the fruits, hire or revenue thereof, forthcoming to abide the decision of the court, or that he will pay the value thereof, *or the difference between its value at the time of replevy and the time of judgment * * *.*" (Emphasis ours.) Rule 702 is the same as old Art. 6850 with addition of the language just italicized. Under the settled construction of prior Art. 6850, mere depreciation in market value of the property is not chargeable against sureties on the replevy bond upon return of the property by defendant within ten days after rendition of judgment, American Mortgage Corp. v. Samuell, 130 Tex. 107, 108 S.W.2d 193; and Rule 702 has effectuated no change of construction. Commercial Securities Co. v. Thompson, Tex.Civ.App., 239 S.W.2d 911, 914. We quote from the latter case: "It is held in the Samuell case that the bond does not, so to speak, guarantee against depreciation in market value of the property during pendency of the suit. At first we thought that changes in the Rules of Procedure above cited had brought about such a result, but we are now of the contrary view. Suppose, for example, a quantity of grain should be seized under a writ of sequestration, and then replevied. Suppose the grain should be kept in good condition, but decrease in market value due to market conditions. The sureties on the replevy bond would not be liable for the decrease in value, because, as pointed out in the Samuell case, the same loss in value would occur if the grain were not replevied. Whether replevied or not, the grain would sell for the same amount at Sheriff's sale." While in the Thompson case, Chief Justice McDonald goes on to hold that the sureties "would be liable for any decrease in value caused by use of the property after it was replevied," in the case at bar, appellant has not demonstrated that any of the established diminution in

value was the result of other than market depreciation.

Otherwise stated, the wording of Rule 702 that defendant "will have such property, in the same condition as when it is replevied," excludes any ordinary depreciation in market value; and the further language that he "will pay * * * the difference between its value at the time of replevy and the time of judgment", has reference to damages occasioned by other than ordinary use. Mutual Investment Corp. v. Hays, Tex.Com.App., 59 S.W.2d 97. These conclusions render unnecessary any discussion of points 1 and 2 relative to claimed errors in rejection of evidence. The judgment in question is in all respects affirmed.