**C. N. LEHEW, Appellant,**

v.

**Alice LEHEW et al., Appellees.**

No. 3364.

Court of Civil Appeals of Texas.

Eastland.

May 16, 1958.

Rehearing Denied June 6, 1958.

Bradbury, Tippen & Brown, Abilene, for appellant.

K. C. Minter, Houston, Scarborough, Black & Tarpley, Jack Sayles, Ed King, Walter Pope, Abilene, for appellees.

COLLINGS, Justice.

This suit was brought by C. N. Lehew against Alice Lehew, T. A. Kirk, H. L. Neeb, R. H. Echols, A. Q. Echols, Onyx Refining Company, Republic National Bank of Dallas, American Indian Oil Company and Humble Oil and Refining Company. Plaintiff sought judgment establishing that an oil and gas lease executed by him and his wife was a unitized lease and that he was entitled to participate in the oil royalties therefrom in proportion to his claimed one-half interest therein, save and except the royalty received by the Echols defendants. Appellant also sought to recover royalty payments which he claimed should have been made to him in the past, alleging that those making such royalty payments to others were on notice that the lease was unitized and that he was entitled to recover same. The case was tried before the court without a jury and judgment was entered for the defendants. Plaintiff has appealed.

The land covered by the lease in question consisted of a 160-acre tract and a separate and non-contiguous 40-acre tract. Plaintiff C. N. Lehew and defendant Alice Lehew

were formerly husband and wife. During their marriage and prior to November 10, 1951, they owned and held as community property all the surface and an undivided one-half mineral interest in the 160-acre tract and all the surface and three-fourths of the mineral interest in the 40-acre tract. The remaining one-fourth mineral interest in the 40-acre tract had been reserved by R. H. Echols in 1924 when he sold the surface and three-fourths of the minerals. He later conveyed a one-eighth mineral interest in the 40-acre tract to A. Q. Echols.

On November 10, 1951, C. N. Lehew and wife, desiring to partition their property, made deeds to each other by which C. N. Lehew purported to convey to his wife, Alice Lehew, the east one-half of both the 40-acre tract and the 160-acre tract, and Alice Lehew purported to convey to her husband, C. N. Lehew, the west one-half of each of said tracts. On March 24, 1952, C. N. Lehew and his wife joined with the Echols in the execution of an oil and gas lease covering both the 40-acre tract and the 160-acre tract. The Echols owned no interest in the 160-acre tract. On July 3, 1952, C. N. Lehew and his wife entered into a separation agreement in which reference was made to the partition deeds of November 10, 1951. By this instrument the parties recited that they had permanently separated and were living apart, and again undertook to partition their land. It was provided therein that the land be divided between them "according to the terms of" the prior deeds and that the parties "do hereby adopt and confirm the aforesaid deeds, as of this date, as being a fair and equitable, just and lawful division and partition" of all their community property. On November 14, 1952, C. N. Lehew and wife, Alice Lehew, were divorced. The separation agreement of July 3, 1952, was attached to the judgment and made a part thereof, and title to the property in question was decreed to be vested in the parties as provided in the agreement. There is now production of oil on the 40-acre tract, but most of the production is from the east one-half of the tract which Lehew purported to convey to his wife by the partition deed of November 10, 1951. Appellant states his position to be that where several owners of adjoining tracts of land join in a single lease to a third party said lease becomes unitized and the several royalty interests thereunder become pooled.

Appellant contends that there was a partition of the land in question effective as of the date of the execution of the deeds on November 10, 1951. He urges that if the deeds were not valid when executed, that they were ratified by the agreement of July 3, 1952, and by the subsequent decree of divorce dated November 14, 1952. He urges that the ratification related back to the original instruments and made them effective as of November 10, 1951, the date they were executed. Appellant contends that as of that date and at the time of the execution of the oil and gas lease on March 24, 1952, he was the owner of the west half of the 40-acre tract and his wife, Mrs. Alice Lehew, was the owner of the adjoining east one-half of such tract. He urges that the court erred in holding the oil and gas lease dated March 24, 1952, was not a unitized lease; the lease became unitized as a matter of law when he and his wife joined together in a single lease covering the two adjacent tracts of land, to wit, the west one-half, which he owned, and the east one-half, which was owned by his wife. We do not understand appellant to complain of that portion of the judgment decreeing that the Echols defendants were entitled to one-fourth of the one-eighth royalty from the entire forty-acre tract. Appellant indicated in his pleadings that he sought no recovery of any royalty from the Echols defendants.

Appellees do not question appellant's contention that a single lease executed by adjoining land owners becomes a unitized lease and that the several royalty interests

thereunder become automatically pooled. Southland Royalty Company v. Humble Oil & Refining Co., 151 Tex. 324, 239 S.W. 2d 914; Parker v. Parker, Tex.Civ.App., 144 S.W.2d 303 (Writ Ref.); French v. George, Tex.Civ.App., 159 S.W.2d 566 (Writ Ref.).

■ The rights of Mr. and Mrs. Lehew to participate in royalities from oil produced on the land in question would in our opinion be the same after they executed the lease, regardless of whether or not the partition deeds became effective prior to the time of the execution of the lease. If, as appellant contends, the partition deeds executed by C. N. Lehew and his wife on November 10, 1951, were valid at the time of their execution, or if they were later ratified so as to be effective as of the date of their execution, then the subsequent single lease covering the adjoining tracts effectively unitized the lease so that each of the lessors was entitled to participate in the royalties from the entire tract in proportion to his or her interest in the mineral acres in and under the tract. If the partition deeds were not valid and effective at, or as of, the time of the execution of the lease, then the land in question was still the community property of Mr. and Mrs. Lehew and each would have a one-half community interest in the minerals in question and in all royalties received therefrom.

■ After Mr. and Mrs. Lehew executed the oil and gas lease they entered into a separation agreement on July 3, 1952, providing for a partition of the land. In the divorce decree, dated November 14, 1952, the partition provided for in the separation agreement was approved and confirmed and it was decreed that title be vested in the parties in the manner therein provided. It is held that where leased premises are partitioned, or a portion thereof is conveyed by the lessor, that in the absence of an express contract to that effect, the royalty will not be apportioned

on the basis of acreage owned, but the owner of each separate tract will be entitled to royalties on oil or gas produced from his tract only. Garza v. De Montalvo, 147 Tex. 525, 217 S.W.2d 988 and Coates v. De Garcia, Tex.Civ.App., 286 S.W.2d 691. Appellees urge that the partition or division of the land provided for in the separation agreement included the mineral and royalty interest therein, and partitioned between the parties their joint interest in the minerals and royalty in the 40-acre tract so that appellant Lehew thereafter owned, subject to the lease, a three-fourths interest in the minerals and royalty under the west half of the tract and Mrs. Lehew owned a three-fourths interest in the minerals and royalty under the east half of such tract. An examination of the language of the separation agreement supports appellees' contention. That instrument referred to the partition deeds of November 10, 1951, and the interests in the land purported to be conveyed therein and contained the following provisions relating thereto:

"* * * here now, declare that the portions deeded by each to the other *are* of equal value; * * *." (Emphasis ours.)

"* * * and the parties hereto now desire to adopt and confirm said deeds as a lawful division of their community property."

"* * * do hereby adopt and confirm the aforesaid deeds, *as of this* date, as being a fair and equitable, just and lawful division and partition of all our community property * *." (Emphasis ours.)

"* * * *do hereby* grant, sell and *convey* unto the said Alice Lehew, as her own separate property and estate * * *." (Emphasis ours.)

"* * * *do hereby* grant, sell and *convey* unto the said C. N. Lehew, as

his own separate property and estate * * *." (Emphasis ours.)

By the above quoted language the parties agreed in effect that the prior partition deeds had provided for an equitable division of their community property; that the portions deeded to each were of equal value not only at the time of the execution of the deeds but at the time of the separation agreement; that the parties desired to and did by the separation agreement ratify and confirm the partition deeds as a just and lawful division of their community as of the date of the separation agreement. This language shows that the parties intended not only to confirm the partition deeds, but also to divide and partition their property at the time of the separation agreement on July 3, 1952, in the manner provided in the partition deeds. The separation agreement also contained language purporting to grant, sell and convey unto the said Alice Lehew and unto the said C. N. Lehew the property described and purported to be conveyed to each in the partition deeds. The separation agreement was made a part of the judgment of divorce. The terms of the agreement were approved and confirmed by the divorce decree. The effect of the separation agreement and of the subsequent divorce decree dated November 14, 1952, was to partition and divide between C. N. Lehew and his wife their community, or jointly owned, property so that each thereafter owned the portion therein awarded and conveyed to him or her. The partition covered the mineral and royalty interest in the land as well as the surface. T. A. Kirk and H. L. Neeb, assignees of Mrs. Alice Lehew, were entitled to three-fourths of one-eighth of the oil produced from the east 20 acres of the 40-acre tract in question and the trial court did not err in so holding. We have carefully considered the points urged by appellant and find no reversible error.

For the reasons stated the judgment of the trial court is affirmed.